HERBERT A. MILLER vs. UNITED STATES FIDELITY AND
GUARANTY COMPANY.

Essex. April 1, 1935. — July 5, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Insurance*, Motor vehicle liability. *Judgment. Res Judicata. Contract*, Of indemnity. *Evidence*, Foreign law, Presumptions and burden of proof.

In the absence of anything to show the contrary, it was assumed that the distinction in kind between negligence and wilful misconduct in the law of Massachusetts is also made in the law of Florida.

A policy of "extraterritorial" motor vehicle liability insurance, wherein the insurer stipulated to defend claims against the assured for injuries "accidentally sustained," even though unfounded, and to pay judgments against the assured for such injuries, required it to defend in a Florida court an action against him for "negligence" in the operation of the insured motor vehicle; and upon its failure to defend after due notice it was bound by a judgment against him in that action and, after he had paid the judgment, was liable to him in an action upon the policy in this Commonwealth for the amount of the judgment and the expense of defending the action in Florida, though it appeared in the action here that he had been guilty of recklessness, not negligence, in such operation.

CONTRACT. Writ dated August 6, 1930.

The action was heard in the Superior Court without a jury by *J. J. Burns*, J., who found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*E. C. Jacobs & R. W. Reeve*, for the plaintiff.

*J. N. Clark*, for the defendant.

QUA, J. The defendant issued to the plaintiff a motor vehicle liability policy which contained provisions for extraterritorial liability and property damage coverage, by the terms of which the defendant agreed to pay all sums which the assured should "become liable to pay as damages imposed upon him by law for bodily injury accidentally sustained by any person or persons," if caused by the ownership, maintenance or use of the motor vehicle described in

the policy within the limits of the continental United States.*

There was evidence which, taken most favorably to the defendant, tended to show the following facts: While the policy was in force and while the plaintiff was operating the insured automobile on a narrow road in the State of Georgia, a heated altercation arose between the plaintiff and one Link, who was riding in another automobile, over the manner in which the Link automobile had passed the plaintiff's automobile. After both vehicles had proceeded some distance, the plaintiff drove past the Link automobile at a speed of fifty miles an hour and intentionally turned to the right in front of it. There was no collision, but as a result of the plaintiff's conduct, the driver of the Link automobile was frightened and lost control of the automobile, which in consequence ran up an embankment and overturned, causing personal injuries to Link and to one Armstrong, the driver of the Link automobile.

Actions against the plaintiff were brought in the State of Florida by Link and by Armstrong. The plaintiff duly notified the defendant to defend the actions according to the terms of the policy, but the defendant refused to do so. These actions resulted in judgments against the plaintiff, the amount of which he has paid. The present action is brought to secure indemnity for the sum so paid and for the expenses of defending these Florida actions and for the expenses of defending certain other similar actions in Florida arising out of the same occurrence, but in which the verdicts were in favor of the present plaintiff.

It is agreed that if the plaintiff is entitled to recover he shall have judgment in the amount of $3,115 plus costs.

The bill of exceptions states that the trial judge justifiably found that the plaintiff drove his automobile toward and in front of the Link automobile, intending to frighten its occupants, but not intending to inflict any harm upon them, and that he was guilty of recklessness. He ruled that

---

* Compare this with the definition of "motor vehicle liability policy" in G. L. (Ter. Ed.) c. 90, § 34A.

the plaintiff's loss was not within the terms of the policy and found for the defendant. We assume that if the facts found by the trial judge were to govern the result of the case, his ruling would have been right. *Sontag* v. *Galer,* 279 Mass. 309, and cases cited.

But the declarations in the Florida actions are based solely upon the ground that the plaintiffs in those actions were injured by the negligence of the plaintiff in this action. Nowhere is it stated that the injuries were caused by an assault or by an intentional or wilful act. In the absence of anything in any form to indicate the contrary, it must be assumed that the law of Florida is the same as the law of this Commonwealth. *Kelley* v. *Kelley,* 161 Mass. 111. *Atlantic Transportation Co. Inc.* v. *Alexander Shipping Co. Inc.* 261 Mass. 1, 8. *Lennon* v. *Cohen,* 264 Mass. 414, 420. *Richards* v. *Richards,* 270 Mass. 113, 117. *Seemann* v. *Eneix,* 272 Mass. 189, 194. It must now be taken as fully settled in this Commonwealth that negligence and wilful and wanton conduct are so different in kind that words properly descriptive of the one commonly exclude the other. *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269. *Altman* v. *Aronson,* 231 Mass. 588. *Cotter* v. *Boston, Revere Beach & Lynn Railroad,* 237 Mass. 68, 72. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239. *Adamowicz* v. *Newburyport Gas & Electric Co.* 238 Mass. 244. *McIntyre* v. *Converse,* 238 Mass. 592. *Foynes* v. *New York Central Railroad,* 276 Mass. 89. A plaintiff cannot recover for wilful and wanton conduct on a count which alleges only negligence. In effect this was decided in *Cotter* v. *Boston, Revere Beach & Lynn Railroad,* 237 Mass. 68, 72, where it was held that a question to the jury as to whether the acts of the defendant were wanton and reckless was inapplicable to the issue raised by a count alleging negligence. As the verdicts and judgments in the Florida cases are presumably based upon the declarations, at least in the absence of any evidence to the contrary (see *Waterhouse* v. *Levine,* 182 Mass. 407; *People* v. *Public Service Commission,* 255 N. Y. 232; *Prisant* v. *Feingold,* 169 Ga. 864, 867), it follows that on the present record the plaintiff has been held liable in Florida for negligence and not for

MILLER v. UNITED STATES FIDELITY & GUAR. CO. [291

intentional or wilful conduct. *Stefus* v. *London & Lanca-shire Indemnity Co.* 111 N. J. L. 6.

It is not contended and could not be contended success-fully that bodily injury resulting from negligence is not "accidentally sustained" as those words are used in the policy. *H. P. Hood & Sons* v. *Maryland Casualty Co.* 206 Mass. 223, 224. See *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522, 525; *Messersmith* v. *American Fidelity Co.* 232 N. Y. 161. It is common knowledge that protection against liability on the ground of negligence is the principal purpose of such policies.

The grounds on which liability has been imposed upon the insured are to be determined from an investigation into the matters decided in the action which established that liability and not from facts subsequently developed in an action by the insured against the insurer. This is clear from the language of the policy itself wherein the defendant agreed to pay, not such damages as might be imposed upon the plaintiff for bodily injuries which were in fact accidental, but all sums which the assured should "become liable to pay as damages imposed upon him by law for bodily injury accidentally sustained . . . ." The defendant further bound itself by the policy to defend "any claims, suits or other legal proceedings alleging such injuries and demanding damages on account thereof, although such claims, suits, legal proceedings, allegations and demands are wholly groundless, false or fraudulent." The object of the policy is protection against law suits and legal liability. This object could not be attained if the insured were compelled to try over again in an action against the insurer the same issues upon which he has been found liable in the original action. Where an action against the insured is ostensibly within the terms of the policy, the insurer, whether it assumes the defence or refuses to assume it, is bound by the result of that action as to all matters therein decided which are material to recovery by the insured in an action on the policy. *B. Roth Tool Co.* v. *New Amsterdam Casualty Co.* 161 Fed. Rep. 709. *Royal Ins. Co. Ltd.* v. *St. Louis-San Francisco Railway*, 291 Fed. Rep. 358. *Metropolitan Casualty Ins. Co.* v.

*Albritton*, 214 Ky. 16.   *Indemnity Co. of America* v. *Bollas*, 223 Ala. 239.   *Mason-Henry Press* v. *Aetna Life Ins. Co.* 146 App. Div. (N. Y.) 181.   See also *Fessenden School, Inc.* v. *American Mutual Liability Ins. Co.* 289 Mass. 124, 130, and cases cited.   This case is but one instance under a rule of broad application that an indemnitor, after notice and an opportunity to defend, is bound by material facts established in an action against the indemnitee.   *Boston* v. *Worthington*, 10 Gray, 496.   *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98, 102.   *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71, 77.   *Washington Gas Light Co.* v. *District of Columbia*, 161 U. S. 316, 329.

This does not mean that the insurer is barred from setting up in the action against it any matter constituting a defence and not already determined in the original action.   There are a number of cases of that type, such as *Mathews* v. *Bloomfield*, 246 Mass. 510, *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, and *Kana* v. *Fishman*, 276 Mass. 206.   These are distinguishable.

There is nothing against public policy in the making or enforcement of a contract of insurance of this kind.   The contract does not contemplate recovery by the plaintiff for his own intentional wrong.   See *Babcock* v. *Terry,* 97 Mass. 482, 487; *De Mello* v. *John Hancock Mutual Life Ins. Co.* 281 Mass. 190.   He is allowed to recover only because it must be deemed to have been established by the court where the issue was first tried that he was negligent.   See *Clarke* v. *Ames*, 267 Mass. 44, 47.

On the case as it stood, the judge should not have denied the plaintiff's request for a ruling "that the defendant could not disclaim liability in view of the fact that the declarations in the Florida cases alleged negligence only and the verdicts of the juries were based thereon," and on all the evidence the judge should have found for the plaintiff. The plaintiff's exceptions must be sustained, and in accordance with the agreement of the parties judgment is to be entered for the plaintiff for $3,115 and costs.

*So ordered.*