PATRICK E. JOYCE vs. LONDON AND LANCASHIRE INDEMNITY
COMPANY OF AMERICA.

Worcester.   September 21, 1942. — October 29, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Insurance*, Motor vehicle liability insurance.   *Motor Vehicle*, "Guest
occupant."   *Evidence*, Presumptions and burden of proof.   *Words*,
"Guest occupant."

In a suit in equity to reach and apply, to payment of a judgment for per-
sonal injuries sustained on a public way through operation of a regis-
tered motor vehicle, the obligation of an insurance company under a
"contract of insurance" with the judgment debtor, where an averment
in the bill as to the existence of the "contract of insurance" was
admitted in the answer of the company, this court assumed that the
"contract" was a policy fulfilling the requirements of the "motor
vehicle liability policy" described in § 34A of G. L. (Ter. Ed.) c. 90,
as amended by St. 1935, c. 459, § 2.
No obligation of an insurer to satisfy a judgment obtained against the
owner of an automobile for personal injuries resulting from its negli-
gent operation was shown where the judgment creditor admitted that,
at the time he was injured, he was "inside the motor vehicle" and no
other insurance coverage was shown than that of a "motor vehicle liability
policy" described in § 34A of G. L. (Ter. Ed.) c. 90, as amended by
St. 1935, c. 459, § 2, the judgment creditor being a "guest occupant"
within the definition in the amendment of said § 34A by § 1 of St.
1935, c. 459, and therefore being excepted from the coverage of such
policy even if it were shown by the allegations of his declaration and
the findings of the judge in the original action that, while previous to
his injuries he had been a "guest" of the owner, that relation to the
owner had ceased at the time of the injuries.

BILL IN EQUITY, filed in the Superior Court on August 3,
1939.

The averment in the bill as to insurance was as follows:
"7. That the defendant, London and Lancashire Indem-
nity Company of America, had a contract of insurance with
the said Joseph J. Robinson which was in full force and
effect at the time of said accident and by its terms this
defendant agreed to pay any damages which the said Jo-
seph J. Robinson 'shall become obligated to pay by reason

of the liability imposed upon him by law for damages to others for bodily injuries,' excepting guests."

The portion of the defendant's answer relating to "contract of insurance" was as follows: "7. The defendant admits that it had a contract of insurance outstanding, but denies that the expression of its terms contained in paragraph 7 is complete or accurate. The defendant says that the contract speaks for itself and is willing to produce its records as to the contents thereof at the time of trial. 8. . . . And further answering the defendant says that the defendant was under no obligation to indemnify the defendant Robinson in connection with the accident to which this bill in equity refers, says that the policy of insurance did not cover the said accident, that the injured party was a guest occupant within the meaning of the policy and of the statute applicable to the situation and that there is no liability under the policy upon the defendant company in connection with injury to a person standing in the relationship in which the plaintiff stood to Robinson at the time of the alleged accident."

The case was heard by *Dillon*, J. The only evidence before him was the record of the original action in the District Court, described in the opinion, with an agreement in open court at the trial in the Superior Court "that the plaintiff at all times during which the defendant" in the original action was "alleged to have been negligent was inside the motor vehicle of the defendant." The defendant rested at the close of the plaintiff's case.

*M. C. Jaquith*, for the plaintiff.

*D. H. Fulton*, for the defendant, submitted a brief.

Cox, J. This is a bill in equity to reach and apply the obligation of an insurance company to a judgment debtor under a motor vehicle liability policy. G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10). The evidence is reported. The plaintiff appealed from the final decree dismissing the bill.

It was admitted by the pleadings that on October 13, 1936, the plaintiff sustained personal injuries as the result of the negligent operation of a motor vehicle owned by one

Robinson of Clinton in this Commonwealth, that the plaintiff recovered judgment therefor which had not been satisfied within thirty days thereafter, and that the defendant had a "contract of insurance" with said Robinson. The first count of the plaintiff's declaration in the original action alleges that he was a "guest" of Robinson on the day of his injury and was riding in Robinson's automobile on a public way in this Commonwealth; that the automobile was being operated by Robinson's agent and servant; that the plaintiff protested against a change of the course of the automobile and informed Robinson that he would no longer ride and that he wanted to get out; that he demanded of Robinson that the automobile be stopped and arose from his seat for the purpose of alighting; that thereby he ceased to stand in the relation of a guest of Robinson; and that Robinson disregarded his demands and caused the automobile to be driven negligently, with the result that the plaintiff was injured. The second and third counts allege that the plaintiff was riding in Robinson's automobile upon his "invitation." It is alleged in the second count that Robinson's agent and servant was grossly negligent, and in the third count that he operated the automobile in a wanton and reckless manner.

The policy of insurance was not in evidence at the trial of the case at bar, and its contents did not appear. The plaintiff made an offer of proof, which was rejected subject to his exception, of the "finding" of the trial judge in the District Court where the original action was tried. One of the findings of that judge was that the plaintiff "was no longer a guest in . . . [Robinson's] automobile." At the trial in the Superior Court it was agreed that the plaintiff was "inside the motor vehicle" at all times during which Robinson was alleged to have been negligent.

Although it does not distinctly appear, it seems to have been assumed rightly that Robinson, as owner of the automobile in question, had registered it in compliance with the law, from which it follows that a motor vehicle liability policy of insurance had been issued. See *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, 107–108;

G. L. (Ter. Ed.) c. 90, § 1A, inserted by St. 1934, c. 264, § 2; § 2; and § 34A, as amended by St. 1935, c. 459, § 2. It must be presumed that the policy of insurance conformed to the mandates of said § 34A. *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, 107. No further presumptions, however, can be indulged as to the contents of this policy. Inasmuch as the registration of the automobile must have been for the year 1936, the policy was not required to provide indemnity against liability to pay damages to a "guest occupant," who is defined as "any person, other than an employee of the owner or registrant of a motor vehicle or of a person responsible for its operation with the owner's or registrant's express or implied consent, being in or upon, entering or leaving the same, except a passenger for hire in the case of a motor vehicle registered as a taxicab or otherwise for carrying passengers for hire." G. L. (Ter. Ed.) c. 90, § 34A, as amended by St. 1935, c. 459, §§ 1 and 2.

The plaintiff admittedly was "inside" the automobile, and this fact brings him within the definition of a "guest occupant." *Westgate* v. *Century Indemnity Co.* 309 Mass. 412. We are of opinion that at all times he was a "guest occupant" within the statutory definition of those words, despite the allegations in the first count of his declaration that he had "ceased to stand in the relation of a guest of the defendant," and despite any findings thereunder. There is no ambiguity in the language of the statutory definition of those words, and there is no room for the suggestion that there could be any change in the status of the occupant while "in or upon" the automobile that would take him out of the category of a "guest occupant."

The plaintiff in the original action recovered judgment against Robinson, and it is the rule that "Where an action against the insured is ostensibly within the terms of the policy, the insurer, whether it assumes the defence or refuses to assume it, is bound by the result of that action as to all matters therein decided which are material to recovery by the insured in an action on the policy." *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 448.

See *Leonard* v. *Lumbermens Mutual Casualty Co.* 298 Mass. 393, 394. But this does not mean that the insurer is barred from setting up in an action against it any matter constituting a defence and not already determined in the original action. *Sciaraffa* v. *Debler*, 304 Mass. 240, 242. Where, as here, the policy of insurance was not in evidence, the trial judge could not go beyond the assumption that the policy in question conformed to the mandates of the statute. *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, 107. He could not assume that the policy contained provisions covering a "guest occupant."

The plaintiff contends, however, that the findings of the District Court judge bring the case within the rule that the defendant is bound by the judgment. These findings are, in effect, that the plaintiff had been a guest of Robinson, but that, just before his injuries were sustained, his status changed and that he was no longer a guest when injured. It is unnecessary to determine whether these findings should have been admitted in evidence, inasmuch as we are of opinion that the plaintiff was not harmed by their exclusion, and that this is so even if we assume, without deciding, that they were admissible. See *Waterhouse* v. *Levine*, 182 Mass. 407; *Watson* v. *Berman*, 302 Mass. 305, 308. If these findings are taken at their full face value (see *Sylvester* v. *Shea*, 280 Mass. 508), they do not establish that the plaintiff was not a "guest occupant" at the time of his injury within the statutory meaning of those words. It is unnecessary to consider what degree of care Robinson was required to exercise toward the plaintiff if he was an unwilling or nonassenting passenger.

The defendant was under no liability to the plaintiff unless under some provision in the policy which it had given to Robinson beyond the statutory coverage. The defendant admitted that it had a "contract of insurance" with Robinson. It has not attempted to avoid the liability that would arise under a statutory compulsory motor vehicle liability insurance policy. In other words, it makes no claim that it would not be liable to the plaintiff if he had not been a "guest occupant." It was at least for the

plaintiff to show that there was a policy of insurance, and that the judgment recovered in his original action was ostensibly within its terms. See *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 474. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 449. *Sciaraffa* v. *Debler*, 304 Mass. 240, 242. Where, as here, it appears by agreement that the plaintiff was "inside the motor vehicle" of Robinson at the time of his injury, and nothing more appears by assumption or otherwise than that the policy of insurance was one issued as defined by G. L. (Ter. Ed.) c. 90, § 34A, as amended by St. 1935, c. 459, § 2, the plaintiff cannot prevail.

*Decree affirmed with costs.*