LEVI J. MUISE, administrator, *vs.* THE CENTURY INDEMNITY COMPANY.

Suffolk.    January 9, 1946. — February 4, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Insurance,* Motor vehicle liability insurance.    *Words,* "Employee," "Guest occupant."

One in the general employment of another, while riding in an automobile of the employer for the employee's own purposes and not for any purpose related to the employment, was not an "employee," and was a "guest occupant," within G. L. (Ter. Ed.) c. 90, § 34A, as amended by St. 1935, c. 459.

BILL IN EQUITY, filed in the Superior Court on April 30, 1943.

The suit was heard by *Greenhalge,* J.

*W. W. Jump,* for the defendant.

*H. S. Avery,* for the plaintiff.

RONAN, J.    The plaintiff's intestate, a fisherman and a member of the crew of a vessel which was in the command of one Parsons and was engaged in deep sea fishing out of the port of New Bedford, received fatal injuries early on the morning of December 23, 1939, when an automobile owned and operated by Parsons, in which the intestate and another member of the crew of this vessel were riding, left the road in Manchester and went over an embankment. At the time of the accident, the automobile was on its way from New Bedford to Gloucester, where the intestate lived. Parsons was making the trip to attend to some business in Gloucester. The intestate was going home to distribute some Christmas gifts. In an action in the Superior Court

by the plaintiff against Parsons for the death and conscious suffering, the plaintiff recovered for the death on a count based upon G. L. (Ter. Ed.) c. 229, § 5, as amended by (St. 1937, c. 406, § 3, but was denied recovery on all the counts for conscious suffering. The plaintiff's exceptions to the direction of a verdict for Parsons on these counts were overruled in *Muise* v. *Parsons*, 312 Mass. 476, on the ground that the intestate was riding as a guest of Parsons, who was not shown to have been grossly negligent.

The plaintiff now seeks in this bill in equity filed under G. L. (Ter. Ed.) c. 214, § 3 (10), and c. 175, § 113, to reach and apply the indemnity furnished by the defendant to Parsons under a motor vehicle liability policy as defined in G. L. (Ter. Ed.) c. 90, § 34A, as amended by St. 1935, c. 459, § 2. This policy, however, did not cover any liability of Parsons for injuries to or death of a "guest occupant" as those words are defined in said § 34A, as amended by St. 1935, c. 459, § 1. The defendant appealed from a final decree ordering it to pay the judgment recovered against Parsons.

The only question presented for decision is whether the plaintiff's intestate was an employee of Parsons and therefore not barred as a guest occupant from having recourse to the policy issued by the defendant. A guest occupant as defined by said c. 90, § 34A, as amended by St. 1935, c. 459, § 1, in so far as material, is "any person, other than an employee of the owner . . . of a motor vehicle . . . , being in or upon, entering or leaving the same," except a passenger for hire.

The judgment, the payment of which is now sought, was rendered upon a verdict which was based upon a count to recover for the death of the intestate and which could not be maintained against Parsons without proof that the intestate was "not in his employment or service." G. L. (Ter. Ed.) c. 229, § 5, as amended by St. 1937, c. 406, § 3. The fact that the intestate was in the general employment of Parsons was not decisive. The plaintiff had the burden of showing that the intestate at the time of the accident was not engaged in the performance of his duties as an em-

ployee of Parsons, and that his transportation to Gloucester was not an incident of his work or in any way connected with his contract of employment with Parsons. The verdict for the plaintiff was equivalent to a finding that the intestate's presence in the automobile at the time of the accident had no causal relation to employment of the intestate by Parsons. *Healey* v. *American Tool & Machine Co.* 220 Mass. 236. *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560. *Palmer* v. *Boston & Maine Railroad,* 227 Mass. 493, 498.

Both the plaintiff and the defendant were bound by the material facts which were tried and settled in the action against Parsons. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445. *Sweeney* v. *Frew,* 318 Mass. 595. It would be a curious result if the plaintiff, having recovered a judgment on the ground that the intestate was not in the "employment or service" of Parsons at the time of the accident, could now recover against the defendant on the ground that the intestate was an employee of Parsons at the time of the accident within the meaning of the guest occupant clause of said § 34A, which excluded from its operation an employee of Parsons. See *Boston* v. *Nielsen,* 305 Mass. 429, 433. The plaintiff contends that the term "employee" appearing in the statutory definition of a guest occupant means one in the general employment of another, and is not restricted to an employee whose presence in the automobile of his employer is for the purpose of carrying out the terms of his employment. It is true that the word employee has a flexible meaning depending upon the context and the object to be accomplished by the written instrument in which it appears. *Mengel* v. *Justices of the Superior Court,* 313 Mass. 238, 242. *United States* v. *American Trucking Associations, Inc.* 310 U. S. 534, 545. See *Aguilar* v. *Standard Oil Co. of New Jersey,* 318 U. S. 724, 731–732.

The purpose of St. 1935, c. 459, § 2, amending G. L. (Ter. Ed.) c. 90, § 34A, was to free the owner of a motor vehicle from the compulsory obligation which had theretofore been imposed upon him to provide indemnity against liability for injury to or death of a guest occupant arising

out of the operation of the vehicle. Since the adoption of the amendment, it is optional with the owner to provide indemnity for the benefit of guests. All "in or upon, entering or leaving" the vehicle, except certain employees and passengers for hire, must be considered as guests. This amendment has been strictly construed in order to effectuate its aim and object. *Westgate* v. *Century Indemnity Co.* 309 Mass. 412. *Joyce* v. *London & Lancashire Indemnity Co.* 312 Mass. 354.[1] This amending provision indicates that it was meant to include only an employee whose transportation was in furtherance of the duties owed by him to his employer or at least was incidental to his employment. An employee riding with his employer in connection with the performance of his duties as an employee is not a guest of his employer. *Loftus* v. *Pelletier*, 223 Mass. 63. *Labatte* v. *Lavallee*, 258 Mass. 527. But it would be inconsistent with the purpose of the amendment to exclude from the definition of a guest occupant one riding entirely for his own pleasure or business with one who happens to be his employer. The transportation of the intestate was beyond the orbit of his employment. The intestate was not riding as an employee, and he was not an employee within the meaning of the definition of guest occupant in the statute.

This conclusion is supported by the construction given to somewhat similar statutes. It has already been pointed out in this opinion that the personal representative of the estate of one whose death was caused by the negligence of his employer but who was not at the time of the injury acting in his capacity as an employee nor engaged in something related to his employment may recover from the employer for the death under G. L. (Ter. Ed.) c. 229, § 5, as amended, because the decedent was not a person who was in the employment or service of the defendant or who was at the time of the injury subject to the direction or control of the defendant. A railroad clerk riding on a pass after

---

[1] It is true that an employee, who has not reserved his rights at common law and is injured during the transportation, where such injury is received in the course of and arising out of his employment, must have recourse to the workmen's compensation act if the employer is insured under that act. See *Service Mutual Liability Ins. Co.* v. *Aronofsky*, 308 Mass. 249.

working hours for his own personal benefit, whose death was caused by a collision of trains, was held not to be a person "in the employment of such corporation." Pub. Sts. c. 112, § 212. *Doyle* v. *Fitchburg Railroad,* 162·Mass. 66. The same conclusion was reached in *Palmer* v. *Boston & Maine Railroad,* 227 Mass. 493, 498. In an action brought under the employer's liability act, R. L. c. 106, § 73, to recover for the death of a motorman who was an employee of the defendant, it was held that, although the statute pro-·vided a remedy when, as a result of the negligence of the employer himself or that of a person for whose negligence he was liable, "an employee is instantly killed," there could be no recovery unless the "intestate, at the time of the injury which caused his death, was acting in the employ of the defendant." *Gooch* v. *Citizens Electric Street Railway,* 202 Mass. 254, 255. See *Dickinson* v. *West End Street Railway,* 177 Mass. 365. Compare *Kilduff* v. *Boston Elevated Railway,* 195 Mass. 307. See *Levin* v. *Twin Tanners, Inc.* 318 Mass. 13.

The intestate was not such an employee as is excluded from the statutory definition of guest occupant but was in fact a guest; and as the defendant did not furnish any indemnity to Parsons against liability for the death of a guest, there is nothing for the plaintiff to reach. The final decree is reversed and a decree is to be entered dismissing the bill with costs.

*So ordered.*