JOHN F. SHEEHAN, administrator, *vs.* LEV GORIANSKY & another.

Suffolk. March 3, 1947. — April 5, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Insurance,* Motor vehicle liability insurance. *Wanton or Reckless Conduct. Judgment. Res Judicata. Motor Vehicle,* Operation. *Words,* "Caused by accident," "Wilful."

The word "accident" as used in a policy of noncompulsory motor vehicle liability insurance meant an unexpected happening occurring without actual intention.

A policy of noncompulsory motor vehicle liability insurance against liability for personal injuries or death "caused by accident" in the use of the insured motor vehicle would not cover liability based on wilful or intentional conduct of the insured, but would cover liability based on merely wanton or reckless conduct on his part.

In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), against the insurer under a policy of motor vehicle liability insurance for satisfaction of a judgment for causing death rendered against an operator of the insured automobile in an action wherein the record did not disclose on which of several possible grounds of liability the judgment was based, the ascertainment of the precise ground was open in order to determine whether or not the judgment was within the coverage of the policy.

A finding that conduct of the operator of an automobile was not wilful or intentional, but no more than wanton or reckless, was not plainly wrong on evidence of the circumstances in which the operator, knowing that a trespasser was on the running board, so managed the automobile that it ran head on into a pole and the trespasser was killed.

BILL IN EQUITY, filed in the Superior Court on November 10, 1944.

The suit was heard by *Pinanski*, J.

*J. P. Sullivan*, for the defendant Liberty Mutual Insurance Company.

*D. J. Lyne*, (*W. A. Ryan* with him,) for the plaintiff.

WILKINS, J.  Following the decision in *Sheehan* v. *Goriansky*, 317 Mass. 10, which was an action of tort to recover for the death of the plaintiff's intestate occasioned by the operation of an automobile by Goriansky, the plaintiff obtained a judgment, which is unsatisfied.  He now brings this bill in equity against Goriansky and the Liberty Mutual Insurance Company to reach and apply the obligation of the insurance company under a policy of motor vehicle liability insurance issued to Goriansky's wife, Carola E. Goriansky, the owner with whose permission Goriansky was operating the automobile on the fatal occasion.  See G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10).  The judge filed "findings and order for decree."  He found that the judgment was covered by the policy, and that Goriansky was impecunious and could not pay it.  From a decree ordering the insurance company to pay the judgment and dismissing the bill without prejudice as to Goriansky, the insurance company appealed.  The evidence is reported.

The question for our determination is whether the judge was plainly wrong in finding that the judgment is a liability imposed for a death "caused by accident" within the terms of the policy, the material portions of which are: "Coverage B Bodily injury liability — (This coverage is optional).  To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons in . . . the divisions hereinafter defined . . . caused by accident and arising out of the ownership, maintenance or use of the motor vehicle.  Definition of divisions.  Division 1.  Guest occupant upon the ways of Massachusetts.  A person who is a guest occupant of the motor vehicle while upon the ways of the Commonwealth of Massachusetts.  Division 2.

Extraterritorial guest occupant. A person who is a guest occupant of the motor vehicle while off the ways of the Commonwealth of Massachusetts. . . . 'Guest occupant' and 'extraterritorial guest occupant' as used herein shall mean guest occupant as defined in exclusion (a) of this policy." In exclusion (a) appears the definition: "'Guest occupant' shall mean any person, other than an employee of the owner or registrant of a motor vehicle or of a person responsible for its operation with the owner's or registrant's express or implied consent, being in or upon, entering or leaving the same, except a passenger for hire in the case of a motor vehicle registered as a taxicab or otherwise for carrying passengers for hire."

The judgment was upon a verdict for the plaintiff upon a count "based on wilful, wanton, and reckless operation of the automobile."[1] The judge without objection had charged the jury "that if they found any one of the three elements present, either wilful, wanton or reckless, then they would be warranted in returning a verdict for the plaintiff." The jury did not "designate whether they found liability based upon wilful conduct, wanton conduct, or reckless conduct," and they were not required to do so. In *Sheehan* v. *Goriansky*, 317 Mass. 10, we said: "If the deceased were on the automobile, he was there without invitation and in the circumstances was a trespasser to whom the defendant owed the duty to refrain from wantonly or recklessly exposing him to danger" (page 14). "If the jury concluded that the defendant knew that the deceased was on the running board, it was open to them to infer that the defendant's conduct was in disregard of probable harmful consequences to the deceased and in violation of the duty to refrain from wantonly or recklessly exposing him to danger" (page 17).

---

[1] Count 2 of the declaration alleged, in part, "that on or about August 24, 1940, said John F. Sheehan was a passenger in an automobile operated by the defendant on a public way known as Route 117, in North Sudbury, Massachusetts; that the defendant so wilfully, wantonly, and recklessly operated said automobile as to cause the same to collide with a telegraph pole on or near said public way, whereby the said John F. Sheehan sustained serious personal injuries which caused his death on or about August 24, 1940."

The deceased, even though a trespasser, was a "guest occupant" within the meaning of the policy, and was within its quoted coverage, whatever that comprised. *Westgate* v. *Century Indemnity Co.* 309 Mass. 412. The parties so concede, but the company contends that the death was not within that coverage, because it was occasioned by wilful, wanton, or reckless conduct and was not "caused by accident."

Inasmuch as the obligation, if any, which the plaintiff seeks to reach, arose under the guest occupant provision, any defence which would be available to the company against Goriansky is available against the plaintiff. *Sanborn* v. *Brunette,* 315 Mass. 231, 232. *Salonen* v. *Paanenen,* 320 Mass. 568, 575. The verdict and judgment were presumably based upon the declaration, at least in the absence of evidence to the contrary. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 447. *Klefbeck* v. *Dous,* 302 Mass. 383, 388. The plaintiff and the company were bound by the material facts which were tried and settled in the action against Goriansky. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 448–449. *Levinton* v. *Poorvu,* 293 Mass. 338, 341. *Muise* v. *Century Indemnity Co.* 319 Mass. 172, 174. They were thus bound by a determination that Goriansky's liability was based upon at least one of three possible grounds, namely, wilful conduct, wanton conduct, reckless conduct.

Wilful conduct injuring a guest occupant is not within the coverage of the policy. [1] Wilful means intentional. *Commonwealth* v. *Welansky,* 316 Mass. 383, 397. *New England Trust Co.* v. *Paine,* 317 Mass. 542, 548, 549. The "undoubted rule applicable to ordinary insurance" is that an insurance policy indemnifying an insured against liability due to his wilful wrong is void as against public policy. *Wheeler* v. *O'Connell,* 297 Mass. 549, 554. See *Sontag* v. *Galer,* 279 Mass. 309, 312–313; *Gast* v. *Goldenberg,* 281 Mass. 214, 216–

---

[1] It has been held otherwise as to an injury within the compulsory motor vehicle insurance law, G. L. (Ter. Ed.) c. 90, § 34A. See *Wheeler* v. *O'Connell,* 297 Mass. 549. Compare *Huntington Cab Co.* v. *American Fidelity & Casualty Co. Inc.* 155 Fed. (2d) 117 (C. C. A. 4), reversing 63 Fed. Sup. 939 (D. C. S. D. W. Va.).

217; *Farrell* v. *Eastern Bridge & Structural Co.* 291 Mass. 323, 324; *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 449. There is nothing inconsistent with this doctrine in *Shamlian* v. *Equitable Accident Co.* 226 Mass. 67.

It does not follow, however, that conduct which is merely wanton or reckless resulting in injury to a guest occupant is outside the coverage of the policy. We realize that in criminal prosecutions and cases relating to personal injuries this court has stated that wanton or reckless conduct "is the legal equivalent of intentional conduct." *Commonwealth* v. *Welansky*, 316 Mass. 383, 401, and cases cited. Thus, in *Banks* v. *Braman*, 188 Mass. 367, 369, it was said that where there is wanton or reckless conduct "there is wilful, intentional conduct whose tendency to injure is known, or ought to be known, accompanied by a wanton and reckless disregard of the probable harmful consequences from which others are likely to suffer, so that the whole conduct together, is of the nature of a wilful, intentional wrong." And in the *Welansky* case, we said, "The essence of wanton or reckless conduct is intentional conduct, by way either of commission or of omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another" (page 399). See Restatement: Torts, § 500. See also *Scaia's Case*, 320 Mass. 432, 433–434.

But wanton or reckless conduct, while the legal equivalent of intentional conduct, is substantially different. *Commonwealth* v. *Welansky*, 316 Mass. 383, 398. "Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes or, from facts which he knows, should realize that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless. However, a strong probability is a different thing from the substantial certainty without which he cannot be said to intend the harm in which his act results." Restatement: Torts, § 500, comment f.

The policy indemnifies the insured against "the liability . . . for damages . . . because of bodily injury . . . caused by accident and arising out of the ownership, maintenance or use of the motor vehicle." "'Accident,' as the word is used in the policy, is a more comprehensive term than negligence, and in its common signification the word means an unexpected happening without intention or design." *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522, 525, and cases cited. "An event is an 'accident' or is 'accidental' when it occurs unexpectedly, without intention or design." *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34, 38. See also *Tremont Trust Co.* v. *Burack*, 235 Mass. 398, 402; *Estabrook* v. *Eastern Commercial Travelers Accident Association*, 308 Mass. 439, 440–441; *Hough* v. *Contributory Retirement Appeal Board*, 309 Mass. 534, 539. The test of the intent of the policy is the common understanding of men. *Dow* v. *United States Fidelity & Guaranty Co.* 297 Mass. 34, 38. *Lee* v. *New York Life Ins. Co.* 310 Mass. 370, 373. We think that by that test a harm which is only constructively intentional does not, for that reason alone, fall outside the category of an injury "caused by accident." To the ordinary mind such a distinction would be wholly artificial. We do not consider that there is any public policy against this interpretation. See *Messersmith* v. *American Fidelity Co.* 232 N. Y. 161; *Rothman* v. *Metropolitan Casualty Ins. Co.* 134 Ohio St. 241. The case of *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, is not an adjudication that indemnity for an injury caused "by accident" does not embrace indemnity for injuries caused by wanton or reckless conduct.

The verdict and the judgment could have been based upon any one or more of three grounds of liability, and one of them was not covered by the policy. Since the precise ground of liability was not determined in the action at law, the parties were entitled to litigate that ground in this suit in order to determine whether the death was within the coverage. *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 474. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 449. *Sciaraffa* v. *Debler*, 304 Mass. 240, 242. *Joyce*

v. *London & Lancashire Indemnity Co.* 312 Mass. 354, 358. *Sweeney* v. *Frew*, 318 Mass. 595, 597.

The judge found that the judgment was covered by the policy. He thus found by implication that the ground of liability was not wilful conduct, but was no more than wanton conduct or reckless conduct. This finding was not plainly wrong. Goriansky testified that he did not intend to kill the plaintiff's intestate. The record at the earlier trial was admitted in evidence without objection. It was in evidence for all purposes of the case. *Pochi* v. *Brett,* 319 Mass. 197, 203, and cases cited. See Wigmore on Evidence (3d ed.) § 1668. Contrary to the company's contention the judge was not required to conclude that the jury found that Goriansky acted "with the intention of brushing him [the plaintiff's intestate] off the running board." It rightly could have been found that Goriansky did not intend to run into the pole or any other object. From the testimony of Goriansky and the evidence in the record, much of which appears in the earlier opinion, 317 Mass. 10, the judge could properly reach the conclusion which he did.

*Decree affirmed with costs.*