ANDOVER NEWTON THEOLOGICAL SCHOOL, INC., Plaintiff, Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Defendant, Appellee.

ANDOVER NEWTON THEOLOGICAL SCHOOL, INC., Plaintiff, Appellee,

v.

CONTINENTAL CASUALTY COMPANY, Defendant, Appellant.

Nos. 89-1945, 89-1946.

United States Court of Appeals, First Circuit.

Heard March 8, 1990.

Decided March 30, 1990.

Joan M. Griffin, with whom Casner & Edwards, Boston, Mass., were on brief, and Timothy C. Russell, with whom Drinker, Biddle & Reath, Washington, D.C., were on brief, for Continental Cas. Co.

Leonard F. Clarkin, Boston, Mass., for Andover Newton Theological School.

## CERTIFICATION

LEVIN H. CAMPBELL, Chief Judge.

A central issue in this case turns on a significant question of Massachusetts law as to which we have found no controlling precedent in the decisions of the Supreme Judicial Court of the Commonwealth. On our own motion, therefore, we certify the following question of law to the Supreme Judicial Court of the Commonwealth pursuant to Mass. S.J.C. Rule 1:03.

### Question of Law

1. Does a finding of willfulness under the Age Discrimination in Employment Act (ADEA), if based on a finding of "reckless disregard as to whether [defendant's] conduct is prohibited by federal law," constitute "deliberate or intentional ... wrongdoing" such as to preclude indemnification by an insurer under the public policy of Massachusetts as codified at Mass.Gen.L. ch. 175, § 47 Sixth (b)?

### Background Facts

Andover Newton Theological School (Andover) was found by a jury to have violated the ADEA by discharging Dr. Edmund Linn from his tenured faculty position when he was 62 years of age. The jury also found Andover's conduct to be willful under the ADEA. Andover was insured by Continental Casualty Company (Continental) for losses arising out of wrongful acts. The scope of the loss in-

sured was specifically limited by policy language stating:

> such subject of loss shall not include ... matters which shall be deemed uninsurable under the law pursuant to which this policy shall be construed.

The parties have agreed that Massachusetts law governs the policy. The district court for the District of Massachusetts held that a willful violation of the ADEA is not insurable under the public policy of the state of Massachusetts.

The jury found that Andover acted willfully, after being instructed that, under the ADEA, "[a] defendant acts willfully if it knows its conduct was prohibited by federal law or if it acts in reckless disregard as to whether its conduct is prohibited by federal law. 'Prohibited' being age discrimination in this case." Appendix at 29. The verdict did not specify whether the jury found that Andover "knew" that its conduct violated the law or whether it acted "in reckless disregard" of whether its conduct violated the law.

M.G.L. ch. 175, § 47, Sixth (b) precludes the insurance of "any person against legal liability for causing injury, other than bodily injury, by his deliberate or intentional crime or wrongdoing. . . ." Clearly, if Andover knew its conduct violated the ADEA, its actions were "deliberate or intentional ... wrongdoing" within the meaning of M.G.L. ch. 175, § 47. What is not clear, however, is whether a finding that Andover's conduct was "willful" within the meaning of the ADEA because it was taken "in reckless disregard" of the law renders the conduct deliberate or intentional wrongdoing that is uninsurable as a matter of public policy under Massachusetts law.

We have been directed to and have discovered only one case in which Massachusetts has interpreted M.G.L. ch. 175, § 47, Sixth (b). In *J. D'Amico, Inc. v. City of Boston*, 345 Mass. 218, 225–226, 186 N.E.2d 716 (1962), the Supreme Judicial Court held that although a trespasser is a wrongdoer, there was no legislative intent to preclude insurance coverage for property damage arising from trespass occurring by mistake. It therefore held that the con-

tractor, D'Amico, was entitled to insurance coverage if its trespass and cutting of trees was occasioned by mistake. The court declined to decide on the facts before it the extent of the insurer's coverage if D'Amico had knowledge that the land and trees were outside the eminent domain taking and that the owners had not given permission to enter onto the area in question. The *D'Amico* decision, therefore, does not address any possible distinction between reckless and intentional wrongdoing.

But in *D'Amico*, the Supreme Judicial Court referred to its earlier decision in *Sheehan v. Goriansky*, 321 Mass. 200, 203, 72 N.E.2d 538. (1947). In *Sheehan*, the court mentioned the Massachusetts public policy precluding insurance coverage for liability due to a party's "wilful wrong." *Sheehan*, 321 Mass. at 203, 72 N.E.2d 538. It held that "wilful" meant "intentional." Thus, although wanton or reckless conduct was "the legal equivalent of intentional conduct," it was substantially different behavior in that "the actor does not intend to cause the harm that results from it." *Id.* at 204, 72 N.E.2d 538. The court went on to find that indemnification for damages for bodily injury caused by "accident" included coverage for wanton or reckless conduct.

*Sheehan*, however, did not expressly interpret Mass.Gen.L. ch. 175, § 47, Sixth (b). Under the statute, it is not against public policy to insure against legal liability for *bodily* injury caused by deliberate or intentional crime or wrongdoing. Thus, *Sheehan's* discussion of public policy was arguably not necessary for decision in the case. It nevertheless indicates that the court recognizes different levels of culpability attaching to an act. *Sheehan* suggests that Massachusetts may recognize a difference for purposes of insurance coverage between deliberate and reckless conduct, despite the fact that the two may be legally equivalent for other purposes.

Thus, there is no Massachusetts precedent directly on point. Whatever way we might decide this issue would have significant impact on the availability of insurance coverage under Massachusetts law. We

are therefore most reluctant to take that step.

Additional questions have been presented on this appeal regarding coverage for damages resulting from the contract claim and legal fees. We will address these questions in our final opinion, but believe that the insurability of a willful ADEA violation under Massachusetts public policy forms the critical issue of decision. We therefore certify the above question pursuant to Mass. S.J.C. Rule 1:03. We forward as an appendix the briefs and appendix furnished to us by the parties.