ANDOVER NEWTON THEOLOGICAL SCHOOL, INC. *vs.*
CONTINENTAL CASUALTY COMPANY.

Suffolk. November 7, 1990. - February 19, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Insurance*, Construction of policy, Liability insurance, Coverage. *Indemnity. Wilful, Wanton, or Reckless Conduct.*

A finding of wilfulness under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (1988), if based on a finding of "reckless disregard as to whether [a defendant's] conduct is prohibited by federal law," did not constitute "deliberate or intentional . . . wrongdoing" such as to preclude indemnification by an insurer under the public policy of Massachusetts as codified in G. L. c. 175, § 47 Sixth (*b*), precluding an insurer from insuring "any person against legal liability for causing injury, other than bodily injury, by his deliberate or intentional crime or wrongdoing." [352-353]

CERTIFICATION of a question of law to the Supreme Judicial Court by the United States Court of Appeals for the First Circuit.

*Leonard F. Clarkin* (*Harry C. Beach* with him) for the plaintiff.

*Patricia A. Gotschalk* of the District of Columbia (*Joan M. Griffin* with her) for the defendant.

*Terence P. O'Malley & William E. Searson, III*, for University of Massachusetts, amicus curiae, submitted a brief.

WILKINS, J. The United States Court of Appeals for the First Circuit has certified a question pursuant to S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981), concerning G. L. c. 175, § 47, Sixth (*b*) (1988 ed.). That statute precludes an insurance company from insuring "any person against legal liability for causing injury, other than bodily injury, by his deliberate or intentional crime or wrongdoing."

A jury sitting in the United States District Court for the District of Massachusetts found that the plaintiff (Andover Newton) had wilfully violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (1988). The case was considered on appeal in *Linn* v. *Andover Newton Theological School, Inc.*, 874 F.2d 1 (1st Cir. 1989), where liability for the discharge of a sixty-two year old tenured professor was upheld. The trial judge had instructed the jury that an entity acts "willfully if it knows its conduct was prohibited by federal law or if it acts in reckless disregard as to whether its conduct is prohibited by federal law." The jury was not asked to, and did not, indicate whether its finding of wilfulness was based on one or the other, or perhaps even both, of the theories on which it could have found wilfulness.

Thereafter, Andover Newton brought an action in the same court seeking a determination, among other things, that its insurer, the defendant Continental Casualty Company (Continental), is obliged to indemnify it for the loss occasioned by its violation of the ADEA. A District Court judge, who had been the trial judge in the underlying action, ruled that because of the statute (cl. Sixth [*b*]) Continental was not obliged to indemnify Andover Newton for the loss arising from its violation of the ADEA. There is no suggestion that Continental's policy of insurance did not purport by its terms to cover Andover Newton's ADEA liability.[1] Andover Newton appealed from an order that allowed Continental's motion for summary judgment on Andover Newton's claim for indemnity.

The Court of Appeals for the First Circuit certified a single question to this court: "Does a finding of willfulness under the Age Discrimination in Employment Act (ADEA), if based on a finding of 'reckless disregard as to whether [defendant's] conduct is prohibited by federal law,' constitute

---

[1]The insurance policy did provide, however, that the loss insured against did not cover "matters which shall be deemed uninsurable under the law pursuant to which this policy shall be construed." An insurer may, of course, resolve uncertainties in the scope of cl. Sixth (*b*) by defining its own coverage exclusion in its insurance policy.

'deliberate or intentional . . . wrongdoing' such as to preclude indemnification by an insurer under the public policy of Massachusetts as codified at Mass. Gen. L. ch. 175, § 47 Sixth (b)?" The answer to the question is "no."

Only one opinion of this court (and none of the Appeals Court) has construed cl. Sixth (*b*), and that opinion provides only limited assistance in answering the certified question. In *J. D'Amico, Inc.* v. *Boston*, 345 Mass. 218, 225-226 (1962), an insurer sought unsuccessfully to rely on cl. Sixth (*b*) to avoid any obligation to indemnify an insured against property damage arising from trespass committed by mistake. The insured contractor had allegedly cut down trees outside the area of a taking and without the authorization of the landowner. This court said that, if the contractor cut the trees by mistake, cl. Sixth (*b*) did not forbid an insurer from providing coverage against any loss incurred. A trespass by mistake was not a "deliberate or intentional crime or wrongdoing" within the meaning of cl. Sixth (*b*). *Id.* at 226.

Here we deal with conduct that may not have been a deliberate or intentional, and thus knowing, violation of Federal law. The conduct in this case, although a violation of law, may have been undertaken with reckless disregard as to whether it was unlawful. The discharging of a tenured professor was intentional. The cutting of the trees in the *D'Amico* case was intentional. The fact that a wrongful act was committed intentionally, however, does not alone bar coverage. That bar arises only if an intentionally committed, wrongful act was also done deliberately or intentionally, in the sense that the actor knew that the act was wrongful. Therefore, although reckless disregard as to the lawfulness of one's conduct may be wilful conduct for the purposes of the ADEA, and for other purposes (see *Commonwealth* v. *Welansky*, 316 Mass. 383, 401 [1944]), it is not conduct known by the actor to be unlawful and, therefore, is not deliberate or intentional wrongdoing. Indifferent or reckless wrongdoing is not deliberate or intentional wrongdoing.

In *Sheehan* v. *Goriansky*, 321 Mass. 200, 202-203 (1947), the court considered the question whether a recklessly in-

flicted injury causing death could be an injury caused by accident. As a matter of public policy, any provision for indemnification against liability due to an intentional wrong was said to be void. *Id*. at 203. The *Sheehan* case concerned events that occurred before cl. Sixth (*b*) was amended to add the bar to coverage now stated in it, and thus the court could not rely on the easy answer that in all circumstances cl. Sixth (*b*) exempts from that bar, and therefore allows, coverage for deliberate or intentional wrongdoing causing bodily injury. The court held that harm due to reckless conduct would fall within an injury "caused by accident" and that insuring for liability from such conduct would not violate public policy. *Id*. at 205. In its certification to this court, the Court of Appeals commented that the *Sheehan* opinion "suggests that Massachusetts may recognize a difference for purposes of insurance coverage between deliberate and reckless conduct, despite the fact that the two may be legally equivalent for other purposes." Clause Sixth (*b*) recognizes such a distinction, as did the *Sheehan* opinion.[2]

The answer to the certified question is "no."

---

[2] The certified question assumes, we think correctly, that cl. Sixth (*b*) codifies the entire public policy of the Commonwealth that would bear on the insurability of losses caused by a reckless disregard of the lawfulness of conduct, and that, therefore, the common law developed before cl. Sixth (*b*) was amended to express its public policy view has no continuing significance.