Smith, J.
This matter is before the court on the motion of the plaintiff, Pennsylvania Millers Mutual Insurance Company (“Penn Millers”) for summary judgment. Penn Millers alleges that defendant Commerce Insurance Company (“Commerce") is obligated to provide coverage for a judgment obtained by Penn Millers against its insured, Ulices Vargas (“Vargas”). Penn Millers also alleges that Commerce has breached its duty to defend and/or indemnify Vargas, and that as assignee of Vargas’s rights, Penn Millers is entitled to judgment as a matter of law. Commerce contends that it is not liable for coverage because 1) Vargas breached the terms of the policy, and 2) coverage in this case would run counter to public policy as proscribed by G.L.c. 175, §47. For the reasons discussed below, plaintiffs motion for summary judgment is DENIED, and summary judgment is ORDERED in favor of the defendant, Commerce Insurance Co.
BACKGROUND
On June 9, 1992, an apartment building located at 83 Glenville Avenue in Allston was damaged as a result of a fire. The fire was caused by a firework, which was thrown through a window by a local youth. At the time of the fire the building was owned by Mr. Ken W. Lim and Mr. Harold W. Lim (“the Lims”). Pursuant to the terms of the insurance policy, Penn Millers paid the Lims for their loss.
*75 An investigation by the police and fire departments determined that the firework which was thrown through the window of the apartment building was sold by Vargas, owner of Glenville Market in Allston, to the youth. Vargas possessed a Business Owners Liability Insurance Policy, issued by Commerce, which was in full force and effect on the date of the fire.
The policy provided coverage for property damage caused by “an occurrence" that takes place in the coverage territory, and contained an exclusion for property damage “expected or intended from the standpoint of the insured.” (Businessowners Liability Coverage Form, §§F(9) and A(l)(b)(l)(a)). Section F(9) of the Businessowners Liability Coverage Form defines an occurrence as “an accident, including continuous or repeated exposure to substantially the same general harmful conditions.”
The policy also contains an exclusion for personal injury or advertising injury “arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.” Id. at §B(l)(p)(3).
Penn Millers notified Commerce that it had paid the Lims, and demanded reimbursement from Commerce as the insurer of Vargas. Commerce disclaimed coverage for the loss and refused to defend or indemnify Vargas, claiming as its basis that the selling of fireworks in Massachusetts is a criminal offense, for which their policy of insurance provides no coverage.
Penn Millers than filed suit in Superior Court against Vargas, eventually obtaining a $120,000.00 judgment against him. Vargas also assigned to Penn Millers “any and all claims or causes of action he had or may have had in the future” against Commerce which arose as a result of the fire. Penn Millers wrote Commerce and demanded satisfaction of the Superior Court judgment which Commerce refused to pay. Penn Millers then commenced this suit.
DISCUSSION
Summary judgment will be granted by this court where there are no issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
General Laws chapter 175, §47, cl. Sixth (b) provides in pertinent part that:
no company may insure any person against legal liability for causing injury, other than bodily injury, by his deliberate or intentional crime or wrongdoing
G.L.c. 175, §47 cl. Sixth (b). However, this statute is not an absolute bar to indemnification, even in instances where the loss resulted from a criminal act of the insured. The most recent Massachusetts case to interpret this statute, cited by both parties in their memoranda, is Andover Newton Theological School, Inc. v. Continental Casualty Co., 409 Mass. 351 (1991).
In Andover, the Supreme Judicial Court held that a finding of willfulness under the Age Discrimination in Employment Act (“ADEA"), based upon a finding of reckless disregard of the law in firing a sixty-two year old teacher, did not amount to “deliberate or intentional wrongdoing” under G.L.c. 175, §47, such as to preclude indemnification by an insurer. The Court acknowledged that [clause sixth (b)j recognizes a difference for purposes of insurance coverage between deliberate and reckless conduct, despite the fact that the two may be legally equivalent for other purposes. However, the Court found that a violation of law, undertaken with reckless disregard as to whether it was unlawful, is not deliberate or intentional wrongdoing for purposes of G.L.c. 175, §47, cl. Sixth primarily because of the lack of knowledge of the actor that the conduct was unlawful. Id. at 352-53.
Pointing to Sheehan v. Goriansky, 321 Mass. 200, 202-03 (1947), the Court clarified its conclusion by explaining that in the past, Massachusetts courts considered harm due to reckless conduct an injury “caused by accident,” and thus insurable without violating public policy.[1] However, the Court was careful to point out in a footnote that cases developed before cl. Sixth (b) was enacted (including Sheehan) have no continuing significance as to what the public policy of the Commonwealth is. Andover, 409 Mass. 350, 353 n.2. The court has determined cl. Sixth (b) to be a codification of the “entire public policy of the Commonwealth that would bear on the insurability of losses caused by a reckless disregard of the lawfulness of the conduct." Id.
The court did however, adopt Sheehan inasmuch as it correctly recognized the existence of the distinction in insurance cases between what is deliberate and what is reckless. Id. at 353. Under Andover, knowledge by the actor that the act is unlawful is now the determining factor. Id. at 352. In the case at bar, whether Vargas knew that selling “smoke bombs” and “sparklers” was unlawful is still a contested fact, and one that is material to the disposition of the case. Summary judgment is therefore inappropriate as to Penn Millers’ claim that Commerce had a duty to indemnify.
*76 “The duty to defend ... is antecedent to, and independent of, the duty to indemnify." Boston Symphony Orchestra v. Commercial Union Ins. Co., 406 Mass. 7, 10 (1989). “It is axiomatic that an insurance company’s duty to defend is broader than its duty to indemnify." Id. “The obligation of an insurer to defend is not, and cannot be, determined by reference to the facts proven at trial. Rather, the duty to defend is based on the facts alleged in the complaint and those facts which are known by the insurer.” Id. “If the allegations of [the] complaint can be reasonably read to ‘state or adumbrate a claim covered by the policy terms,’ the insurer is obligated to defend.” Camp Dresser & McKee, Inc. v. Home Ins. Co., 30 Mass.App.Ct. 318, 322 (1991), quoting Sterilite Corp. v. Continental Gas Co., 30 Mass.App. Ct. 318, 322 (1983).
The Complaint filed in the Superior Court by Penn Millers against Vargas alleges that ”[a]s a direct and proximate result of defendant’s negligent conduct, the plaintiffs’ premises and contents therein were damaged causing them to incur great expenses for repairs . . . and depreciation in value of said premises." Para. 8, Superior Court C.A. No. 93-5160-G. It is clear that this complaint alleges liability based on negligence. It therefore does not fall within the exclusion stated in the policy regarding damages expected or intended. Accordingly, absent some other exclusion, Commerce was bound to defend Vargas in the suit against Penn Millers.
The exclusion Commerce urges this court to apply in the case at hand is statutory. As stated, Commerce contends that G.L.c. 175, §47, cl. Sixth, bars not only indemnification, but a duty to defend in this case. This court is not aware of any recent case law that interprets whether G.L.c. 175, §47, cl. Sixth operates as a bar to the duty to defend in the same manner it does to the duiy to indemnify. It would be logical to assume that since the duty to defend is broader than the duty to indemnify, a breach of the duty to indemnify would necessarily mean that the duty to defend has been breached concurrently. However, this court need not resolve this question as independent grounds exist for resolution of this case in favor of the defendant.
The policy issued to Vargas by Commerce states clearly that “fy]our rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured.” Businessowners Common Policy Conditions, §K. “It is ‘settled law that parties to a contract can agree that the contract in all its terms shall be nonassignable both at law and in equity.. .’ ” Security National Bank v. General Motors Corp., 345 Mass. 434, 442 (1963). There being no written consent by Commerce, the Vargas “assignment” of his rights under the insurance policy to Penn Millers is void. Penn Miliers, therefore, acquired no rights against Commerce by virtue of the attempted assignment. Hence, it was Vargas’s right to bring suit against Commerce for its alleged failure to indemnify and/or defend, a right he could not legally have assigned to Penn Millers. Accordingly, this court DENIES plaintiffs motion for summary judgment and ORDERS that summary judgment enter in favor of the defendant, Commerce Insurance Company.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment is denied. It is further ORDERED that summary judgment enter in favor of the defendant, Commerce insurance Company.

It is interesting to note that the policy's definition of “occurrence” in this matter includes “an accident, including continuous or repeated exposure to substantially the same general harmful conditions.” Businessowners Liability Coverage Form, §F(9).