RALPH C. COOK ET UX. *v.* JOHN B. HOLDEN ET UX.

Special Term at Rutland, November, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 4, 1944.

*Lindley S. Squires* and *Marion L. Ward* for the plaintiffs.

*Goddard & Kennedy* for the defendants.

MOULTON, C. J. The plaintiffs seek a decree for the specific performance of an alleged oral contract for the conveyance of a house and lot of land. The defendants deny the existence of such contract. After a protracted hearing the Chancellor filed written findings of fact, the substance of which is hereinafter recited, and dismissed the petition with costs. The cause comes before us on the plaintiffs' exceptions to certain of the findings and to the refusal to comply with certain of their requests for findings. There is no exception to the decree.

The defendants, John Holden and Rosanna Holden, are husband and wife and jointly own a farm in the town of Mt. Holly, which they bought in 1922. The plaintiffs, Ralph Cook and Florence Cook, are also husband and wife and Ralph is the brother of Rosanna Holden. Shortly after the purchase of the property the Holdens built a new dwelling house thereon, and moved a part of the old dwelling to a strip of land belonging to the farm, across the highway from its former site, intending to make it over as a small house for their hired man to live in. However, with the knowledge of the Holdens, the Cooks made extensive and permanent repairs and improvements upon it to the extent of approximately $5,000. and lived in it. In 1927 the two families purchased a spring and the Cooks, at their own expense, piped the water to the small house. Later, when the tax assessment on the farm was increased $1,000. because of the improvements made by the Cooks, Ralph Cook paid the taxes on the increase for two years. He also took out fire insurance on the house in his own name, but the insurance company, after investigating the title, which was in the Holdens, cancelled the policy. In 1939 the Holdens recovered judgment against the Cooks in an action of ejectment.

The Cooks assert that in late July or early August, 1924, the Holdens agreed to convey to them the small house and strip of land upon which it stands in payment of a debt of $400. owing to Ralph Cook for his services for trucking in connection with the construction of the new house. The Holdens say that they rented the small house to Ralph Cook, on the understanding that whatever he expended in improving the property was to be credited against the rent.

The Chancellor states that he fails to find that John Holden ever agreed to convey the property to the Cooks, and finds that

whatever agreement may have been entered into concerning the Cooks' occupancy of the premises was made by Mrs. Holden. He finds, moreover, that the mutual accounts of John Holden and Ralph Cook, including the trucking by the latter, were balanced in March, 1924, and settled by the payment of $11.23 to Cook, and that in July, 1924, there was nothing owing him from Holden. He is unable to find that Mrs. Holden, who kept the account, gave Cook credit for his labor on the new house, but the nature and amount of this work is not found and Mrs. Holden, at that time, held unpaid checks drawn to her order by Cook, amounting to $500.

██ The exceptions to the refusal to comply with the plaintiffs' requests for findings refer to the requests by number only, and do not point out any reason why they should have been granted. We have repeatedly held that exceptions taken in this manner are too general to reserve any question for review. *Platt, Admx.* v. *Shields and Conant,* 96 Vt 257, 266-7, 119 A 520, and cas. cit; *Utley* v. *School District,* 110 Vt 522, 529, 9 A2d 117; *Campbell* v. *Ryan,* 112 Vt 238, 240, 22 A2d 502. The exceptions to the findings cannot be used as exceptions to failure to find as requested. *Morgan* v. *Gould,* 96 Vt 275, 280, 119 A 517; *Kennedy* v. *Robinson,* 104 Vt 374, 379, 160 A 170; *Lariviere* v. *Laroque,* 104 Vt 192, 195, 157 A 826; *Susena* v. *Recor,* 103 Vt 447; 449, 156 A 416. We give no consideration to the questions which the plaintiffs attempt to raise in this manner.

██ The plaintiffs took an exception to the finding that Holden and Cook balanced and settled their mutual accounts in March, 1924, and that in July, 1924, nothing was owing from Holden to Cook. The ground of the exception as taken was that the evidence showed that in the adjustment Cook was acting on behalf of a partnership known as Cook Brothers in settling certain dealings in cattle. But this is not the ground briefed; it is contended here that although there was an adjustment of mutual dealings, indebtedness for drawing materials for the Holdens' new house was not included therein. It is enough to say that when a ground for exception, made in the trial court, is not briefed on appeal, it is waived, (*Valiquette* v. *Smith,* 108 Vt 121, 128, 183 A 483) and that claims of error which have not been made below are not available in this Court, *Bean* v. *Colton,* 99 Vt 45, 50, 130 A

580; *Land Finance Corp'n.* v. *St. Johnsbury Wiring Co.,* 102 Vt 256, 258, 147 A 285 and cas. cit.; *Breding* v. *Champlain Marine etc. Co.,* 106 Vt 288, 295, 298, 172 A 625; *Steele* v. *Lackey,* 107 Vt 192, 200, 177 A 309. However, there was testimony that Cook's services for trucking were included in the settlement. The weight of the evidence was for the Chancellor to determine. *Crawford* v. *Bromley, Admr.,* 108 Vt 51, 53, 182 A 180; *Patch* v. *Squires,* 105 Vt 405, 411, 165 A 919; *Farmers' Exchange* v. *Lowney Co.,* 95 Vt 445, 452, 115 A 507. We may not overturn his findings simply because the evidence is conflicting. *Putnam* v. *Woodward,* 111 Vt 39, 41, 10 A2d 186; *Spaulding* v. *City of Rutland,* 110 Vt 186, 195, 3 A2d 556. The findings of a trial court are to be given the standing of a verdict expressly approved by that court and are not to be lightly set aside. *Platt, Admx.* v. *Shields and Conant,* 96 Vt 257, 261, 119 A 520.

■ An exception was taken to the finding that Mrs. Holden held unpaid checks signed by Ralph Cook, on the ground that it was contrary to and unsupported by the evidence. As briefed, the ground is that it is contrary to and against the weight of the evidence, which amounts to a waiver of the contention of lack of evidentiary support. The claim that there is no evidence to support a finding cannot be enlarged to cover a claim that there is some evidence, but insufficient. *McAllister* v. *Benjamin,* 96 Vt 475, 491, 121 A 263. It is argued that the checks represented the payment of loans made by Mrs. Holden as trustee of her mother's estate, but this ground of objection was not stated in taking the exception. There was justification for the finding as made. The checks were drawn to the order of Mrs. Holden personally. The plaintiffs are attempting to use an exception to the finding as an exception to the failure to find other facts, which cannot be done. *Morgan* v. *Gould,* 96 Vt 275, 280, 119 A 517; *Susena* v. *Recor,* 103 Vt 447, 449, 156 A 416.

The plaintiffs argue that the Chancellor erred in making a finding in which a portion of the testimony of Ralph Cook in the ejectment action is set forth at length. No exception appears to have been taken to this finding, so there is nothing before us for review. *Valiquette* v. *Smith,* 108 Vt 121, 124, 183 A 483; *Sparrow* v. *Vermont Savings Bank,* 96 Vt 124, 130, 117 A 667. And, besides, the testimony was recited in compliance with one of the plaintiff's requests.

■ Two other exceptions may be dismissed as having been taken to findings which are immaterial, and may therefore be disregarded. *Valiquette* v. *Smith, supra* at p. 129, 183 A 483; *Dunn* v. *Williams,* 107 Vt 447, 453, 181 A 131; *University of Vermont* v. *Wilbur's Est.,* 105 Vt 147, 174, 163 A 572; *O'Brien, Admr.,* v. *Holden,* 104 Vt 338, 349, 160 A 192; *Houghton* v. *Grimes,* 103 Vt 54, 65, 151 A 642. One of these findings is that the insurance taken out by the Cooks on the small house was extended by riders attached to the policy. The evidence showed that it was renewed by a separate policy. The difference is of no importance. The other finding is that the ejectment action was brought against both Ralph and Florence Cook; that the Holdens recovered judgment and that exceptions taken during the proceedings were later dismissed in this Court. It is contended that Ralph Cook was the only party defendant, and that there is no evidence showing the outcome of the action. There was testimony that the judgment was recovered on trial and whether it was against Ralph alone and whether the exceptions were later dismissed are questions which may be left unanswered without affecting the outcome of the present case.

■ The plaintiffs excepted to the failure to find that John Holden entered into a verbal agreement with them to convey the property in question. Since the burden was upon them to prove the agreement, the failure to find its existence is equivalent to a definite finding in favor of the defendants upon the issue. *Partridge* v. *Cole,* 98 Vt 373, 377, 127 A 653; *Wright* v. *Godin,* 108 Vt 23, 26, 182 A 189. To warrant a decree for specific performance the contract must be established by positive, clear and satisfactory evidence. *Hill* v. *Bell,* 111 Vt 131, 135, 11 A2d 211; *Allen* v. *Fiske,* 42 Vt 462, 464. It cannot be said that the evidence was of this quality. Both John and Rosanna Holden categorically denied the claimed contract; both of them testified that there was only an agreement to rent the premises. It is argued that the finding that whatever agreement there was relative to the Cooks' occupancy was made by Mrs. Holden shows that there was some contract of which John Holden had notice, and in the making of which his wife acted as his agent, and it is apparently assumed that this must have been a contract to convey. But the findings do not support this assumption. Construing them, in support of the decree, as we must if we can reasonably do so (*Gardner* v. *Gauthier,*

101 Vt 147, 149, 141 A 682; *Reed* v. *Hendee,* 100 Vt 351, 354, 137 A 329), we take the word "occupancy" as used by the chancellor to refer to occupancy as tenants and not as purchasers. There is no finding that Mrs. Holden agreed for herself and as agent for her husband to convey the property, and certainly no inescapable inference to this effect can be drawn from the facts found.

*Gove* v. *Gove's Admr.,* 88 Vt 115, 92 A 10, strongly relied upon by the plaintiffs, is not in point because in that case the oral agreement to convey was found to have been made as alleged.

All the issues presented have been examined and we perceive no reason for disturbing the result reached by the trial court.

*Decree affirmed.*