GEORGE W. RAYMOND'S ADMR. *v.* GUY V. HALL ET ALS.

November Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 8, 1946.

*Melvin G. Morse* and *Oscar L. Shepard* for the defendants.

*Sumner E. Darling* for the plaintiff.

STURTEVANT, J. This is a bill in chancery in which the plaintiff seeks the removal of a cloud on the title to lands located in the village of Hardwick in this state resulting from an alleged irregular tax sale. After hearing, findings of fact were filed and de-

cree was entered for the plaintiff, and the defendant brings the case to this Court.

From the findings it appears that one George W. Raymond died on November 25, 1936, and that at the time of his decease he was the owner of the real estate here in question. Raymond left a will which was probated and allowed by the probate court for the District of Orleans on August 5, 1943, and on that day the plaintiff in this case, Sumner E. Darling, was duly appointed administrator with the will annexed of said Raymond's estate. In 1937 the tax collector for the town of Hardwick started proceedings for the sale of land here in question for the purpose of collecting past due taxes on said lands. On January 10, 1938, at a purported tax sale, this real estate was sold to the defendant Guy V. Hall and he received a deed from the tax collector purporting to convey the lands to him on January 16, 1939.

In his answer to the plaintiff's bill the defendant alleged that the plaintiff and those interested in the decedent's estate had been guilty of laches in failing to have Raymond's estate probated sooner and for that reason should not be given the relief prayed for. The defendant filed no requests for findings and his so-called bill of exceptions specifies no exception saved by him. However, if we pass over this omission and consider the one exception briefed by the defendant, the result is not changed. The exception on which the defendant seeks to rely is as follows:

"Now comes the defendant, Guy V. Hall, in the above entitled cause, within the time allowed by the Chancellor, and excepts to said findings of fact on the following grounds.

"1. Because the Chancellor failed to make any findings on the question of laches raised by the defendant in his amended answer."

This is an attempt to use an exception to findings as an exception to a failure to find which can not be done. *Morgan* v. *Gould, et al.*, 96 Vt 275, 280, 119 A 517, and cases cited. To the same effect are *Schwarz* v. *Avery*, 113 Vt 175, 179, 31 A2d 916; *Cook, et ux.*, v. *Holden, et ux.*, 113 Vt 409, 411, 35 A2d 353.

P. L. 810 as amended by § 10 of No. 25 of the Acts of 1939 is as follows: "When lands have been in open and continuous

possession of the grantee in a collector's deed duly recorded, or his grantees for a period of five years or more, and taxes paid thereon, the title of such lands shall thereafter be legal and valid in the grantee or those claiming under him."

It appears from the findings that the bill in the case at bar was brought within the five year period specified in that statute. While as a defense laches is not, on the one hand, limitations nor on the other is it estoppel, yet it partakes of the characteristics of both. *Wilder's Exr.* v. *Wilder, et al.,* 82 Vt 123, 128, 72 A 203. It follows that the chancellor might properly give consideration to the five year limitation period fixed by law in arriving at his conclusion as to laches being a defense in this action. From the facts found the chancellor could reasonably infer that laches as alleged in the defendant's answer was not a good defense in this case. Under these circumstances, in support of the decree which was entered for the plaintiff, we will presume that the chancellor did so infer. *Burlington Building & Loan Association* v. *Cummings, et al.,* 111 Vt 447, 452, 17 A2d 319. The decree is supported by the findings.

The decree is dated February 23, 1945, and it is therein ordered that the defendant convey all his right, title and interest in and to the premises in question to the plaintiff within sixty days from the date of the decree. Thus, it appears that a new date for such conveyance must be fixed and we will remand the case for that purpose and affirm the decree in all other matters.

*Decree affirmed except as to order therein contained fixing the time for conveyance of the lands as therein specified and cause remanded for the purpose of fixing a new time within which the conveyance ordered by said decree shall be made.*