ANTHONY ANTON *v.* THE FIDELITY & CASUALTY COMPANY OF NEW YORK.

(91 A2d 697)

May Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed October 7, 1952.

*John Molla* and *John J. Finn* for the plaintiff.

*Edmunds, Austin & Wick* for the defendant.

SHERBURNE, C. J. This is an action of contract to recover upon an automobile liability policy. Trial was by court, findings of fact were made, and judgment was entered thereon for the defendant. The cause is here upon exceptions to the failure to find as requested, to the findings as made and to the judgment.

So far as here material the findings show the following facts : On August 11, 1947, the plaintiff was conducting a taxi business, and in the conduct thereof was operating an automobile covered by an automobile liability policy issued by the defendant. This policy, among other things, provided as follows :

> "1. Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * because of bodily injury * * * caused by accident and arising out of the ownership, maintenance or use of the automobile."

and contained the following condition :

> "5. Assault and Battery—Coverages A and B. Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

On such date the plaintiff was called to the Flint Filling Station on the East Montpelier road to transport to Cabot one Sidney Barnett, whom the plaintiff had known for many years and had transported on prior occasions, on some of which Barnett was intoxicated and had been abusive and quarrelsome, and who he knew had been confined at the state prison several times and had a bad reputation. Barnett was at the Flint Filling Station and was intoxicated when the plaintiff arrived, and an argument ensued over the cost of the transportation to Cabot and the payment thereof. Insulting and profane language was used by both the plaintiff and Barnett and the plaintiff became mad. While mad, the plaintiff opened the left front door of the taxicab, while Barnett was standing near it, and swung it with considerable force against him hitting him in the leg, and he fell to the ground. Then while still mad and knowing that Barnett was intoxicated, the plaintiff got out of the taxicab, kicked him and threatened him with an open pocket knife. Barnett received a broken leg and claimed damages from the plaintiff. The defendant received notice of the claim and refused to defend the plaintiff or pay any damage claimed by Barnett, and notified the plaintiff that there was no coverage in this situation under the terms of its policy. Thereafter, through his attorneys the plaintiff settled with Barnett for $500, which was found to be reasonable, together with a fee for plaintiff's attorneys in negotiating the settlement. The court found that the injuries received by Barnett were not "caused by accident and arising out of the ownership, maintenance or use of the automobile" of the plaintiff, and that such injuries were caused by an assault and battery committed by the plaintiff, and that the defendant is not liable as alleged in the complaint.

Before discussing the exceptions to the failure to find as requested that are briefed, attention is called to certain rules applicable thereto. Since the weight of the evidence and the credibility of the witnesses are for the trier of fact to determine, and all conflicts must be resolved against the excepting party, an exception to the refusal to find a fact as requested cannot be sustained where there is evidence fairly and reasonably tending to show the contrary. *Taylor* v. *Henderson,* 112 Vt 107, 111, 22 A2d 318 ; *Rugg* v. *Degnan,* 96 Vt 175, 178, 118 A 588 ; *Partridge* v. *Cole,* 98 Vt 373, 378, 127 A 653 ; *Town of Bennington* v. *Fillmore and Slade,* 98 Vt 405, 418, 419, 130 A 137. And since refusal of a requested finding which is in part unsound is not error, *McClary* v. *Hubbard,* 97 Vt 222, 240, 122 A

469; *Peck* v. *City Trust Co.*, 104 Vt 20, 29, 156 A 403; *Nelson* v. *Travelers Insurance Co.*, 113 Vt 86, 99, 30 A2d 75; *Brown* v. *Gallipeau*, 116 Vt 290, 295, 75 A2d 694, it follows that where there is evidence fairly and reasonably tending to show the contrary as to any part of a requested finding, an exception to the refusal to find cannot be sustained.

Request No. 10 in part states that Barnett came around to the driver's side of the taxicab and placed his hands on the body of the plaintiff. The request was properly refused because the evidence was conflicting. The defendant called two eyewitnesses to the whole affair at the filling station. One testified that Barnett did not put his hands on the plaintiff and the other did not see him take hold of the plaintiff.

Request No. 11 in part states that the plaintiff swung the car door hard against the body of Barnett, hitting him on the leg, causing him to be thrown to the ground, and resulting in a fracture of the leg some place below the knee. The evidence as to what happened is conflicting. The plaintiff testified that Barnett fell when hit by the car door, and that he got out of his car and wrestled with him when he got up, and he fell on the sidewalk and that he kicked him in the behind as he was falling. One of the defendant's witnesses testified that when the plaintiff swung the door against Barnett, he jumped out of the car and wrestled with Barnett and knocked him onto the cement flange and then he kicked him. The other witness testified that the door hit Barnett on the leg and he went down, and the plaintiff jumped out and went for him and they had a "free-for-all." In this state of the evidence we cannot say that the court erred in failing to find that the swinging of the car door against Barnett resulted in the fracture of his leg. This exception is overruled.

Plaintiff's 12th request for a finding reads as follows:

> "During all of the time that the plaintiff was attempting to cause Barnett to get away from said taxicab, the motor of said taxicab was in operation and plaintiff and his vehicle were being obstructed in the operation of said taxicab by the said Barnett."

The plaintiff excepted to the failure of the court to find this request on the following ground: "Because of the uncontradicted testimony the motor of the taxicab was functioning at the time the plaintiff pushed the door against the lower part of the leg of the said Barnett.

This is material because it showed a use of said automobile or vehicle and that such use covered the plaintiff against liability under the circumstances in this case." This exception is of no avail because the ground stated does not show that the uncontradicted evidence supports all of the allegations in the request. It does not call attention to any evidence that the plaintiff was attempting to cause Barnett to get away from the taxicab, or that the plaintiff and his said vehicle were being obstructed in the operation of said taxicab by the said Barnett.

The exceptions to the failure to find as requested in Nos. 20 and 21, relative to the right of recovery and the amount and interest thereon, and the exceptions to the conclusions of law in the findings all raise the same questions and will be discussed with the question of the sufficiency of the findings to support the judgment.

In each of his other exceptions to the findings the plaintiff gives as a ground the failure to find other facts. These exceptions must be overruled. An exception to findings may not be used to show error in failure to find. *Raymond's Admr.* v. *Hall,* 114 Vt 363, 364, 45 A2d 208; *Cook* v. *Holden,* 113 Vt 409, 411, 35 A2d 353; *Schwarz* v. *Avery,* 113 Vt 175, 179, 31 A2d 916; *Morgan* v. *Gould,* 96 Vt 275, 280, 119 A 517, and cases cited.

In deciding whether the findings support the conclusions that the injuries received by Barnett were not caused by accident and arising out of the ownership, maintenance or use of the automobile of the plaintiff, and that such injuries were caused by an assault and battery committed by the plaintiff, and that the defendant is not liable as alleged in the complaint, and whether the findings support the judgment, doubtful findings are to be construed in favor thereof, if this can be reasonably done, and we must assume in favor thereof that the trial court inferred such facts from the other facts certified as it ought to have done, or might fairly have done, and we do not for the purpose of reversing such conclusions and judgment read into the findings of fact something which is not there, and which is not a necessary inference from the facts found. *Abatiell* v. *Morse,* 115 Vt 254, 259, 56 A2d 464, and cases cited.

The findings, as does the evidence previously recited, leave it uncertain as to just what caused Barnett's leg to be broken, but for the purpose of our discussion we will assume, as the plaintiff claims, that this injury resulted from swinging the car door against him. From the finding that Barnett was standing near the car door when

it was swung against him, there is no necessary inference that he was standing so near as to obstruct the plaintiff in the operation of his taxicab or prevent his driving away. Consequently that element is not in the case.

From the findings about the use of insulting and profane language by both the plaintiff and Barnett, and that the plaintiff became mad and swung the door with considerable force against Barnett, and that the plaintiff knowing that Barnett was intoxicated, got out of his taxicab and kicked Barnett and threatened him with an open pocket knife, the court might fairly have inferred that the swinging of the door and the kick and the threat with the knife were all one affray, and that by swinging the door against Barnett the plaintiff committed an assault and battery, and we will so assume in support of the court's conclusions and the judgment. We think that the kick and the threatening with the knife support the inference that the swinging of the door against Barnett was an assault and battery.

█ "Accident," as the word is used in Coverage A quoted in the findings, is a more comprehensive term than "negligence," and in its common significance means an unexpected happening without intention and design, but an injury resulting from the wilful act of the insured is not within that coverage, for the term "wilful act" implies an intention to cause the injury. *Sheehan* v. *Goriansky,* 321 Mass 200, 72 NE2d 538, 173 ALR 497; *Rothman* v. *Metropolitan Casualty Ins. Co.,* 134 Ohio St 241, 16 NE2d 417, 117 ALR 1169. Moreover, Coverage A is qualified by the quoted condition that assault and battery shall be deemed an accident unless committed by or at the direction of the insured, which excludes an intentional injury by the insured. *Farm Bureau Mutual Automobile Ins. Co.* v. *Hammer,* 177 F2d 793. In that case the liability policy contained a like condition.

The findings support the conclusions of the court and the judgment. The exceptions to the failure to find as requested in requests 20 and 21, to the conclusions of the court and to the judgment are overruled.

*Judgment affirmed.*