JAMES BOWEN *vs.* LLOYDS UNDERWRITERS & others.

Suffolk.   October 6, 1959. — November 2, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, &
WHITTEMORE, JJ.

*Limitations, Statute of.   Insurance,* General liability insurance.   *Assault.
Words,* "Accidental bodily injuries."

A suit in equity under G. L. c. 175, § 113; c. 214, § 3 (10), to reach and
apply the obligation of the insurer under a general liability insurance
policy to the satisfaction of a judgment recovered by the plaintiff
against the insured in an action for assault and battery was not sub-
ject to the one year statute of limitations contained in c. 260, § 4. [628]
The words "such actions of tort" in the provision respecting suits by
judgment creditors in G. L. c. 260, § 4, refer only to the two kinds of
motor vehicle tort actions, those required to be secured by c. 90 and
those against public officers and employees, mentioned next before
the provision for suits by judgment creditors. [628]
Bodily injuries resulting from an assault and battery were not within the
coverage of a general liability insurance policy against loss by reason
of liability for "accidental" bodily injuries. [629]

BILL IN EQUITY, filed in the Superior Court on April 30,
1958.

The suit was heard by *Kirk,* J., on demurrers and pleas.

*Vincent R. Brogna,* for the plaintiff.

*Thomas F. Maher,* for the defendants.

WILKINS, C.J.   This is a bill in equity to reach and apply
the alleged obligation of the defendant insurers under an
owners', landlords', and tenants' public liability policy which
insured the defendant Handy Cafe, Inc., "against loss by
reason of the liability imposed by law upon the assured for
damages on account of accidental bodily injuries, including
death at any time resulting therefrom caused by the as-
sured." G. L. (Ter. Ed.) c. 214, § 3 (10). On March 21,
1952, the plaintiff was on the premises of the defendant
Handy Cafe, Inc., and sustained injuries as a result of an

assault committed by one McBrayer, its employee. The plaintiff recovered judgments against both the defendant Handy Cafe, Inc., and McBrayer, for which executions, issued on November 6, 1956, are unsatisfied.

The defendant insurers filed pleas in abatement and demurrers, which assigned as a ground that the suit was barred by the one year statute of limitations contained in G. L. c. 260, § 4, as amended. The demurrers also assigned as a ground want of equity in the bill. The judge sustained the demurrers and allowed the pleas. The plaintiff appealed from a final decree dismissing the bill against the defendant insurers.

1. The suit is not barred by the statute of limitations. The defendants' argument that it is so barred is based upon an incomplete quotation of G. L. c. 260, § 4, as amended. This statute, so far as material, reads: "Actions for assault and battery . . . shall be commenced only within two years next after the cause of action accrues; and actions for libel and actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety and also actions of tort for bodily injuries or for death or for damage to property against officers and employees of the commonwealth . . . arising out of the operation of motor or other vehicles owned by the commonwealth . . . , suits by judgment creditors in *such actions of tort* [italics supplied] under section one hundred and thirteen of chapter one hundred and seventy-five and clause (10) of section three of chapter two hundred and fourteen . . . shall be commenced only within one year next after the cause of action accrues."

We think that the italicized words refer to the two types of motor vehicle tort actions immediately previously described, namely, those required to be secured by c. 90 and those against officers and employees of the Commonwealth arising out of the operation of vehicles owned by the Commonwealth. Had the interpretation contended for by the defendants been the legislative intent, we would expect the statute to assume a simpler form, such as suits by judgment

creditors to reach and apply under G. L. c. 175, § 113, and G. L. c. 214, § 3 (10).

2. Bodily injuries caused by an assault and battery are not "accidental bodily injuries" within the meaning of the policy. The case is controlled on this point by *Sontag* v. *Galer*, 279 Mass. 309, where after showing (p. 312) that the liability of the insurance company to the plaintiff was dependent upon its liability to the insured, the court said (p. 313): "We do not adopt the contention made in behalf of the plaintiff that an injury is accidentally sustained merely because it may be accidental from the plaintiff's standpoint. It is the state of the 'will of the person by whose agency it [the injury] was caused' rather than that of the injured person which determines whether an injury was accidental." The circumstance that the assault in the *Galer* case was by the defendant rather than by an agent of the defendant does not affect the underlying principle.

3. The only ground for sustaining the pleas was the statute of limitations, which is not a bar. The order allowing the pleas must be reversed and the pleas must be overruled.

There was an additional ground of demurrer, want of equity, which was good. See *Hiller* v. *American Tel. & Tel. Co.* 324 Mass. 24, 25. The interlocutory decree sustaining the demurrers is affirmed. The final decree dismissing the bill against the insurers is affirmed.

*So ordered.*