### Edward S. Wendell v. Union Mutual Fire Insurance Co.

[187 A.2d 331]

November Term, 1962

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed January 2, 1963

*Wilson, Keyser & Otterman* for the plaintiff.

*W. Edson McKee* for the defendant.

**Shangraw, J.** This is an action of contract to recover upon a home owner's liability insurance policy. Trial was by court, findings of fact were made, and judgment entered for the plaintiff to recover $500 damages with interest and costs. The case is here on the defendant's appeal from the judgment order.

So far as here material, the findings show the following facts: The plaintiff is a resident of Bradford, Vermont and the defendant is an insurance corporation doing business in the state of Vermont. During the period under consideration the plaintiff was the owner of a certain dwelling house and a lot of land situated in Bradford, Vermont.

On July 10, 1959 the defendant issued its policy of insurance to the plaintiff, covering the above property, for a term of three years.

Section II, paragraph 1 (a) of the policy provides:

> "Coverage E—Comprehensive, Personal Liability (a) Liability; To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, and as damages because of injury to or destruction of property, including the loss of use thereof."

Under the Special Exclusions clause, paragraph (c) of the policy, it is provided:

> ". . . under Coverages E. and F. to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured."

On November 24, 1959 the plaintiff, Edward S. Wendell, was sued by Walter M. Stevens of Bradford, Vermont, in the sum of $5,000 for alleged assault and battery which occurred on the premises of the plaintiff on or about September 16, 1959. That portion of the writ, here material, reads:

"3. On, to wit, September 16, 1959, at said Bradford, the Defendant with force and arms upon the body of the Plaintiff a wilful and wanton assault did make, and him, the said plaintiff, the said Defendant did then and there beat, bruise, strike, wound and ill treat with his hands and fists, all without provocation and justification.

After the writ brought by Stevens was served on Wendell he promptly presented it to the defendant insurance company, and requested it to defend the suit under the terms of its insurance policy. The defendant declined to defend the action, unless under a waiver and reservation of rights and not otherwise. Wendell declined to accept legal aid from the insurance company on this basis.

The action brought by Stevens was tried at the June Term 1961 Orange County Court, and a verdict was returned for the plaintiff in that action to recover of Wendell the sum of $500 compensatory damages. On August 15, 1961, Mr. Wendell satisfied the judgment obtained against him in that suit. Reasonable attorney's fees and costs incurred by Wendell in defending the Steven's suit amounted to $463.40. This sum has been paid by Wendell.

In addition to the judgment of $500 of the lower court in the proceedings here, the plaintiff claims that he should have been allowed the additional sum of $463.40 expenses incurred in defending the Stevens suit. He claims that the judgment in his favor below against the defendant Union Mutual Fire Insurance Company should have been $963.40, rather than for $500 plus interest. In referring to the plaintiff's claim for expenses, the record before us does not demonstrate that there was a duty on the part of the defendant to defend. Therefore, the question is not before us

The defendant contends that under the terms of the policy there is no obligation on its part to pay the judgment rendered against the plaintiff. This claim is based upon the terms of the policy. The facts found by the court below disclose an intentional act on the part of the plaintiff as the defendant in the Stevens case. It urges that plaintiff's claim comes within the provisions of paragraph (c) of the exclusion clause of the policy.

Under the exclusion clause of the policy, the insurer is absolved from liability for injury, etc., "caused intentionally by or at the direction of the insured."

■ A wilful or intentional injury implies positive and aggressive conduct, and not the mere negligent omission of duty. Ballentine's Law Dictionary, 3rd edition, page 669. "Wilful" means "intentional" and is used in contradistinction to "accidental" or "unavoidable." A wilful act implies an intention to cause injury. *Anton* v. *Fidelity & Casualty Company of New York,* 117 Vt. 300, 305, 91 A.2d 697. In its customary usage, intentionally means an act done with intention of purpose, designed and voluntary. · Webster's Third New International Dictionary. See 46 C.J.S. pages 1106, 1107.

■ Contracts of insurance, like other contracts, must receive practical, reasonable, and fair interpretation, consonant with the apparent object and intent of the parties. Strained or forced constructions of insurance contracts are to be avoided. *Troy* v. *American Fidelity Co.,* 120 Vt. 410, 417, 143 A.2d 469; *Enosburg Falls* v. *Hartford Ins. Co.,* 117 Vt. 114, 121, 85 A.2d 577; 29 Am. Jur. Insurance, §158.

■ On the record before us it appears that the judgment rendered against the plaintiff in this action was founded upon an intentional act, an assault and battery. The policy issued by the defendant did not cover the plaintiff against the recovery of a judgment of this nature rendered against him. To hold otherwise would permit the plaintiff to escape the consequences of his intentional wrongdoing contrary to the provisions of the policy. The judgment of the lower court must be reversed, and judgment entered for the defendant as a matter of law.

*Judgment reversed. Judgment entered for the defendant to recover its costs in this action.*