(No. 5713—Decided March 23, 1966.)

Messrs. *Amer, Cunningham, Cunningham, Brennan & Miller,* for appellant.

Mr. *Don Isham,* for appellee Ray F. Landenberger.

Messrs. *Germano, Rondy & Ciccolini,* for appellee Ohio Valley Insurance Company.

Hunsicker, J. An appeal on questions of law has been brought to this court by William M. Murray against whom a judgment was rendered in the Common Pleas Court of Summit County.

Murray sued one Ray F. Landenberger in the Akron Municipal Court for personal injuries arising out of a collision between an automobile driven by Landenberger and an automobile in which Murray was a passenger. A judgment by default in the sum of $3,000 was returned against Landenberger. Thereafter, Murray filed a supplemental petition against the Ohio Valley Insurance Company under favor of Section 3929.06, Revised Code.

Ohio Valley Insurance Company contested the action saying, among other things, that it did issue a liability and property damage policy to Landenberger whereby it agreed to pay, on behalf of Landenberger, damages because of bodily injury "caused by accident"; and that Landenberger was involved in a collision with an automobile in which Murray was a passenger. It further says that this collision was not "caused by accident," but that Landenberger deliberately, intentionally, and with intent to do harm to the driver, and occupants, of the automobile in which Murray was a passenger, caused the vehicles to collide.

The policy which Landenberger had issued to him carried the following coverage:

"Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
"* * *

"Conditions
"* * *

"9. Assault and Battery—Coverages A and B: Assault and battery shall be deemed an accident unless committed by or at the direction of the insured.
"* * *."

It is the contention of the Ohio Valley Insurance Company that the alleged injury sustained by Murray was not "caused by accident" as defined in the policy of insurance. Judgment was returned against Murray by the Akron Municipal Court. That court, in one of several conclusions of fact, found that the collision in which Murray suffered injury was caused by the "wilful and intentional act of * * * Landenberger," and that such act was "malicious" and was committed with the intent to "interfere with, molest, or injure the driver and occupants" of the vehicle in which Murray was riding. Hence, the injury was not "caused by accident," and the insurance policy afforded no coverage to Murray or Landenberger.

An appeal from that judgment was taken to the Court of Common Pleas of Summit County, which affirmed the judgment

against Murray. It is the judgment entered by the Common Pleas Court that we have before us for review.

The appellant says the issues before this court are:

"1. Where the conduct of a defendant insured has been determined at the trial brought by the injured party against the insured, can said conduct of the insured be relitigated in the subsequent suit filed by the injured party against the insurer?

"2. Under an automobile liability insurance policy, what acts, if any, of the insured fall outside the phrase 'caused by accident?'

"3. Where an insurer under its automobile liability insurance policy agrees that its insurance shall comply with the provisions of the Motor Vehicle Financial Responsibility Law of Ohio and in consideration therefor the insured agrees to reimburse the insurer for any payment made by the insured which it would not have been obligated to make except for this agreement, then what is the extent of liability of the insurer?

"4. Where an insurer, at trial in an action commenced in accordance with Ohio Revised Code 3929.06, calls the insured as its own witness, is the insurer allowed to impeach said witness by the use of prior statements?

"5. In an action under Section 3929.06 of the Ohio Revised Code, is the insurer permitted to introduce into evidence, over objection of the plaintiff, and the insured, the extra-judicial statement of the insured taken by said insurer preparatory to the trial between the injured party and the insured?"

The right of action that Murray had against Landenberger did not depend upon the rights of Landenberger in the insurance contract, for Murray could sue Landenberger for his bodily injuries whether intentionally or negligently inflicted. The question then first presented is whether the judgment obtained by Murray against Landenberger is *res judicata* as to the Ohio Valley Insurance Company. The insurance company is not liable to Murray for all acts of Landenberger while operating his automobile, but only those "caused by accident," and not those caused intentionally. Landenberger is to be defended, and reimbursed, not in every event, but only in a restricted event.

Section 3929.06, Revised Code, says in part:

"* * * if the defendant in such action [Landenberger] was

insured against loss or damage at the time when the rights of action arose, the judgment creditor [Murray] or his successor in interest is entitled to have the insurance money provided in the contract of insurance * * * applied to the satisfaction of the judgment * * *."

We believe the important words in the statute, as they affect the instant case, are: "the insurance money provided in the contract * * *." Unless the contract of insurance is such that the money must be paid even though the collision was caused intentionally, the insurance company had a right to defend this action brought against it by Murray and, in such defense, establish that there was no coverage under the policy for the conduct of Landenberger. Before the action was begun by Murray against Landenberger, the insurance company disclaimed all liability, and it never participated in that action.

We believe the problem before us as to the right of the Ohio Valley Insurance Company to contest the question of its obligation under the insurance contract with Landenberger has been effectively answered in the case of *Leonard* v. *Murdock*, 147 Ohio St. 103, wherein, at page 108, the court said:

"It is claimed that the doctrine of *res judicata* should be applied in the instant case. Without entering into a lengthy discussion of that subject suffice it to say that the case of *Leonard* v. *Glenn Cartage* sounded *in tort*, the present action sounds in contract, the parties in the two cases are not the same, the issues are not the same, different proofs were required to sustain the two actions, and the controversy sought to be precluded, to wit, the liability of Ocean Accident & Guarantee Corporation, Ltd., upon its policy, was not tried or determined in the *Glenn Cartage case.*" (Emphasis added, in part.)

The Ohio Valley Insurance Company called Landenberger (its insured) as a witness without designating the nature of the examination. It sought to elicit from him the testimony necessary to justify its refusal to defend him, and also its refusal to pay the judgment rendered against him. The trial court allowed in large measure a cross-examination of him, and also allowed impeaching testimony. We do not think this was prejudicial error. Landenberger was an adverse party, and he was hostile. The statute under which this action was filed against the insurance company says that such company is a

new party defendant, and hence Landenberger was also a defendant. It was not error to permit such examination.

We next consider whether the injury herein was "caused by accident," as set out in this policy of insurance.

All the evidence introduced (which was principally statements taken from Landenberger by the insurance adjuster, and the police) indicates that the collision of the two vehicles was not intended, although a rational man would realize that such collision was a probable result. We are not, however, dealing with a criminal statute where it can be said that a man intends the natural consequences of his voluntary acts. Here we are considering a subjective standard. If the injury Murray sustained was inflicted intentionally, then as a matter of public policy, the contract of insurance would not afford coverage to such an act. *United Services Automobile Assn.* v. *Wharton* (1965), 237 F. Supp. 255.

In the case of *Rothman* v. *Metropolitan Casualty Ins. Co.*, 134 Ohio St. 241, the court said:

"1. Accident, as the term is ordinarily used, is a more comprehensive term than negligence.

"2. The state of the will of the person by whose agency an injury is caused, rather than that of the injured person, determines whether an injury is accidental within the provisions of a policy indemnifying the insured against loss resulting from claims for accidental injuries caused by the operation of insured's automobile."

At page 246, the court further said:

"* * * In our opinion, only those acts which are not motivated by an intent and purpose to injure are to be regarded as covered by the terms of this policy. As previously pointed out, practically every instance in which liability arises under such a policy involves a violation of some traffic law or regulation. There is no limitation in the terms of the policy in the respect under consideration. It is as broad in its scope of liability as is the term 'accidental.' "

The act by Landenberger of cutting-in ahead of the Murray automobile was intentional; but was the resultant injury to Murray intentional? Landenberger said he did not intend to injure anyone, even though he should have realized that by his

actions there was a strong probability that harm might result. "* * * a strong probability however is a different thing from the substantial certainty without which he [Landenberger] cannot be said to intend the harm in which his act results." Restatement of the Law, Torts, 1296, Negligence, Chapter 19, Section 500f.

The word "accident," in its ordinary and popular meaning, is a happening of an event without the concurrence of the will of the one by whose agency it was caused. It is an event not reasonably to be foreseen; unexpected and fortuitous.

Landenberger consciously chose a course of conduct that resulted in an unintentional injury, even though he should have known that by such an act there was a strong probability that harm would result. There is a vast difference between an intended act, and an intended result. While we may wish to say that the result, which is the natural, probable and foreseeable consequence of a wilful act, or intentional course of action, is not an "accident," as that term is used in this insurance policy, we cannot do so in the light of the general rule.

*Travelers Indemnity Co.* v. *Hood,* 110 Ga. App. 855, 140 S. E. 2d 68; *Rodgers* v. *Reserve Life Ins. Co.,* 8 Ill. App. 2d 542, 132 N. E. 2d 692; *Sheehan, Admr.,* v. *Goriansky,* 321 Mass. 200, 72 N. E. 2d 538, 173 A. L. R. 497; *Riley* v. *National Auto Ins. Co.,* 162 Neb. 658, 77 N. W. 2d 241, at pp. 663-664; *Anton* v. *Fidelity & Casualty Co. of N. Y.,* 117 Vt. 300, 91 A. 2d 697, at p. 305. See, also, Annotation, 173 A. L. R. 503.

In the case of *New Amsterdam Casualty Co.* v. *Jones,* 135 F. 2d 191, at p. 193, the federal Circuit Court, applying the law of Michigan, said that an injury intentionally inflicted was suffered accidentially.

We conclude that the policy of insurance herein covers the act of Landenberger when he intentionally drove in front of the vehicle in which Murray was a passenger, which act resulted in bodily injury to Murray.

The third assignment of error poses the question of coverage under the policy of insurance by reason of the Ohio Motor Vehicle Financial Responsibility Law, Chapter 4509, Revised Code.

Section 4509.01(j) defines "accident" as: "* * * any acci-

dent involving a motor vehicle which results in bodily injury to or death of any person, or damage to the property of any person in excess of one hundred dollars.''

The Supreme Court of Ohio, in the case of *Commonwealth Casualty Co.* v. *Headers*, 118 Ohio St. 429, at pp. 432-433, when commenting on the word ''accidental'' in a casualty insurance policy, said that ''an injury * * * does not occur by accident when it results from willful, intentional, personal violence inflicted by another.'' See also: *Cordon* v. *Indemnity Ins. Co. of North America*, 123 F. 2d 363.

We believe it is thus seen that the determination of whether there was an ''accident'' depends upon the intention of Landenberger, and since we have determined heretofore that such intention, and not the result, is the prime factor in concluding that the injury to Murray was ''caused by accident,'' it is not necessary to discuss the applicability of Chapter 4509, Revised Code.

We conclude that the judgment in favor of the Ohio Valley Insurance Company herein must be reversed as contrary to law, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and BRENNEMAN, J., concur.