VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT 05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-02569



| GEORGE'S WAY LLC v. MATTHEW HARRINGTON |
| --- |

## DECISION ON THE MERITS

Landlord, George's Way, LLC, appeals from the small claims division's decision awarding Tenant, Matthew Harrington, double his security deposit under 9 V.S.A. § 4461(e) for willfully withholding the deposit beyond the 14 days after Tenant vacated the apartment. Landlord appeals encompasses two positions. First, Landlord contends that the small claims court erred in finding that it had wrongfully withheld the security deposit as Landlord claims it took more than 14 days to determine the extent and cost of the damage to the dwelling unit, which by extension delayed Landlord's accounting and determination of what to withhold. Second, Landlord contends that the small claims court erred in determining that the withholding was willful. Landlord contends that he should not be obligated to double the amount of security deposit.

The Cour has reviewed the record and the Appellant's filings. Appellee has not filed a reply or participated in the appeal process. Following this review, the Court denies the appeal and **Affirms** the decision of the small claims court.

### Standard of Review

The scope of this Court's review on appeal is limited. An appeal from a small claims court's judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

## Small Claims Court Findings

On April 2, 2025, the small claims division made the following findings. On September 1, 2024, Tenant vacated the dwelling unit he had rented from Landlord at mid-day as he had promised Landlord. On September 9, 2024, Tenant contacted Landlord's agent about his security deposit. The agent indicated that the Landlord did not intend to return the deposit within the 14-day window but would be following the parties' lease. Landlord went to the unit to inspect it, but it did not respond to Tenant. On September 16, 2024, Tenant reached out again, and Landlord's agent informed Tenant that Landlord would need more time to assess damages and compose an estimate for the costs of damages and repairs. Later that day, Landlord's agent emailed Tenant an estimate of painting and cleaning costs that exceeded $2,000. On September 18, 2024, Landlord mailed Tenant a refund of $150 from the security deposit. On September 23, 2024, Tenant received the itemized letter detailing the withholdings.

The small claims court found that the Tenant vacated the dwelling unit on September 1, 2024. While Landlord suggests that the date was later because Tenant had indicated that the cleaners were still working on the first, the finding is supported by the evidence and was within the discretion of the small claims court to have found that this was the date he ceased to possess and occupy the dwelling unit. The plain meaning of the word "vacate" is "to surrender occupancy or possession." Black's Law Dictionary at 1546 (7th ed. 1999). The Court finds no error in this finding.

## Legal Analysis

The remainder of the small claims' court's findings follows from this initial finding. Under Section 4461(c), "A landlord **shall return** the security deposit along with a written statement itemizing any deductions to a tenant **within 14 days** from the date . . . the tenant vacated the dwelling unit, provided landlord received notice from the tenant of that date." 9 V.S.A. § 4461(c) (emphasis added). This provision applies to all residential leases, regardless of the specific lease language. 9 V.S.A. §§ 4453, 4454 (all obligations under the Vermont Residential Rental Act are implied in all leases and no lease provision shall try to circumvent the provisions of the Act). The evidence shows that Landlord did not deliver the remainder of the security deposit until more than 17 days after Tenant vacated the apartment. The itemized list was not delivered until more than 22 days after Tenant vacated. This is a violation of the plain language of Section 4461(c), and the small claims court was correct in concluding that Landlord had not complied with the provisions of Section 4461(c), which does not permit a landlord to extend or modify the 14-day return and notice provision.

As the small claims court noted, this provision is intended for strict compliance. As the Vermont Supreme Court noted:

> The security deposit section of the Landlord and Tenant Act is clearly a consumer protection provision regulating contractual security deposit procedures . . . . The primary obligation of the landlord is to return the deposit, net of any deduction for damage to the premises or for unpaid rent. Accompanying the payment, if any, must be an itemization of any deductions . . . .

*In re Soon Kwon*, 2011 VT 26, ¶ 15. As the Vermont Supreme Court has also noted, the basis for the withholding must be facially valid and will comply with the provisions of Section 4461(c), even if the charges are later overturned. *Barry v. Khamnei*, 2013 WL 2922540, at *5 (Jun. 12, 2013) (unpub. mem.).

Whether or not the small claims court accepted Landlord's representations in this case that it was delayed in making an assessment of the costs to perform repairs to the apartment, the failure of Landlord to abide by the Section 4461(c) timelines is fatal to its claim. Therefore, the small claims court's judgment regarding the wrongful withholding of the security deposit is affirmed as consistent with the language and intent of Section 446 and supported by the evidence. 9 V.S.A. § 4461(e) ("If a landlord fails to return the security deposit with a statement within 14 days, the landlord forfeits the right to withhold any portion of the security deposit.").

Turning to the issue of willfulness, the small claims court found that there was no impediment to Landlord returning the deposit, and Tenant had reminded Landlord on September 9, 2024 of its obligation to return deposit. The small claims court found that these facts, along with the implication from Landlord's agent that Tenant should not expect the deposit on the 14th day but would look to the later deadlines in the lease constituted a willful withholding.

The word "willful" is not defined in Section 4461 or within the Vermont Residential Rental Act. The Vermont Supreme Court stated, "[t]he term 'wilful' though given different definitions under different circumstances cannot well mean less than intentional and by design." *In re Chase*, 2009 VT 94, ¶ 26 (quoting State v. Burlington Drug Co., 84 Vt. 243, 252 (1911)). In this respect, "willful" means intentional and by design as opposed to accidental. *Wendell v. Union Mutual Fire Ins. Co.*, 123 Vt. 294, 297 (1963). In this case, the small claims court found that the totality of the circumstances indicated that Landlord chose not to timely comply with the 14-day requirement of Section 4461(c). Landlord on appeal contends that it did not intend or design to return the security deposit and notice of withholding late but rather blames the time that it took to finish the estimates. This argument misperceives what both the small claims court found as well as what the implication of a willful withholding constitutes. The legislature in drafting Section 4461 chose not to include provisions for extensions of the timeline for returning a security deposit.

Instead, it created a hard and fast rule. A party must return a deposit or give notice of withholding within 14 days after a tenant vacates. Landlord' defense is effectively a claim of ignorance as to the strict compliance requirement. This defense, however, has long been held to be no defense or excuse. *Citibank (South Dakota), NA v. Department of* Taxes, 2016 VT 69, ¶ 28.

Taken in a light most favorable to the judgment, the Court finds that the evidence supports a finding by the small claims court that the withholding was willful. For these reasons, the small claims court decision on this point is affirmed.

## ORDER

Based on the foregoing, the decision of the small claims court is **Affirmed**, and the present appeal is dismissed.

Electronically signed on 8/21/2025 1:24 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge

Vermont Superior Court
Filed  08/21/25
Windsor Unit